Docusign Envelope ID: 944B21D1-2B9D-402C-90B7-D90BB5FE9247

## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## (CHARLESTON DIVISION)

| | |
|---|---|
| KATE EVERINGHAM and MARISSA HAGY, on behalf of herself and all others similarly, | **Case No. 2:24-cv-00487-DCN** |
| Plaintiffs, | |
| v. | |
| ARCADIA PUBLISHING INC., | |
| Defendant. | |

### SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is entered into by and between (i) Kate Everingham and Marissa Hagy ("Plaintiffs" or "Class Representatives"), individually and on behalf of the Settlement Class (defined below); and (ii) Arcadia Publishing, Inc. ("Defendant" or "Arcadia") in the case titled *Everingham et al. v. Arcadia Publishing Inc.*, Case No. 2:24-cv-00487-DCN, United States District Court for the District of South Carolina, Charleston Division. Arcadia and Plaintiffs are collectively referred to herein as the "Parties." The lawsuit being resolved is referred to herein as the "Litigation."

### I.    FACTUAL BACKGROUND AND RECITALS

1.    Plaintiffs allege that, on March 6, 2023, Arcadia experienced a data security incident, which involved unauthorized third-party access to its systems (the "Data Incident"). Plaintiffs allege that this Data Incident exposed certain personally identifiable information ("PII") of Arcadia's current and former employees, as well as individuals with whom Arcadia had done business. Specifically, the following types of PII were allegedly exposed: names, Social Security numbers, addresses, driver's license/state identification numbers, and financial account information provided in connection with employment. However, Arcadia did not discover this Data Incident until April 19, 2023. On October 4, 2023, Arcadia began notifying Plaintiffs and the Settlement Class about the Data Incident.

2.    On January 30, 2024, Plaintiff Kate Everingham individually and on behalf of a putative class, filed an action against Arcadia Publishing, Inc., in the District of South Carolina, titled *Everingham v. Arcadia Publishing Inc.*, Case No. 2:24-cv-00487-DCN. Plaintiff brought the following claims: negligence, negligence *per se*, gross negligence, breach of implied contract, unjust enrichment, and invasion of privacy.

3.    On June 12, 2024, after a period of informal discovery and mutual exchange of information, the Parties engaged in mediation with Judge Costa M. Pleicones (Ret.), of

Doc ID: 736595e20c088b51e2bfe03f442b669fbad949dc150420

Haynsworth Sinkler Boyd. Throughout their mediation session, the Parties engaged in an extensive evaluation and discussion of the relevant facts and law, and the Parties carefully considered the risk and uncertainties of continued litigation and all other factors bearing on the merits of settlement. During that full-day mediation, the Parties succeeded in reaching agreement on the principal terms of a settlement—subject to final mutual agreement on all the necessary documentation.

4.     The Parties have agreed to settle the Litigation on the terms and conditions set forth herein in recognition that the outcome of the Litigation is uncertain and that achieving a final result through litigation would require substantial additional risk, uncertainty, discovery, time, and expense for the Parties.

5.     On August 2, 2024, Plaintiff filed an Amended Complaint adding Marissa Hagy as the second named Plaintiff.

6.     Arcadia denies all claims of wrongdoing or liability that Plaintiffs, Settlement Class Members, or anyone else have asserted in this Litigation or may assert in the future based on the conduct alleged in the Complaint and Amended Complaint. Despite Arcadia's position that it is not liable for, and has good defenses to, the claims alleged in the Litigation, Arcadia desires to settle the Litigation, and thus avoid the expense, risk, exposure, inconvenience, uncertainty, and distraction of continued litigation of any action relating to the matters being fully settled and finally resolved and released in this Settlement Agreement. Neither any negotiation or act performed or document created in relation to the Settlement Agreement or negotiation or discussion thereof is, or may be deemed to be, or may be used as, an admission of, or evidence of, any wrongdoing or liability.

7.     The Parties now enter into this Settlement Agreement. Plaintiffs and Class Counsel have conducted an investigation into the facts and the law regarding the Litigation and have concluded that a settlement according to the terms set forth below is fair, reasonable, and adequate, and beneficial to and in the best interests of Plaintiffs and the Settlement Class, recognizing: (1) the existence of complex and contested issues of law and fact; (2) the risks inherent in litigation; (3) the likelihood that future proceedings will be unduly protracted and expensive if the proceeding is not settled by voluntary agreement; (4) the magnitude of the benefits derived from the contemplated settlement in light of both the maximum potential and likely range of recovery to be obtained through further litigation and the expense thereof, as well as the potential of no recovery whatsoever; and (5) Plaintiffs' determination that the settlement is fair, reasonable, adequate, and will substantially benefit the Settlement Class Members.

8.     Considering the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the Parties are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their respective best interests.

9.     In consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Litigation be settled and compromised, and that the Releasors release the Released Parties of the Released Claims, without costs as to Released Parties,

Plaintiffs, Class Counsel, or the Settlement Class, except as explicitly provided for in this Settlement Agreement, subject to the approval of the Court, on the following terms and conditions.

## II.   **DEFINITIONS**

As used in this Settlement Agreement, the following terms have the meanings specified below:

10.     **"Alternative Cash Payment"** means a cash payment estimated at One Hundred Dollars and Zero Cents ($100.00), which a Class Member may claim in lieu of any other benefits under this Settlement Agreement, as set forth in Paragraph 61(iv) and which shall be paid from the Settlement Fund.

11.     **"Approved Claims"** shall mean complete and timely Claim Forms submitted by Settlement Class Members that have been approved by the Settlement Administrator and which shall be paid from the Settlement Fund.

12.     **"Claim Form"** shall mean the form that Settlement Class Members must submit to be eligible for compensation under this Settlement Agreement, the proposed form of which is attached as **Exhibit C**.

13.     **"Claims Deadline"** shall mean the date by which all Claim Forms must be postmarked (if mailed) or submitted (if filed electronically) to the Settlement Website to be considered timely and shall be set as a date ninety (90) days after the Notice Deadline. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order, as well as in the Notice and the Claim Form.

14.     **"Class Counsel"** shall mean Raina C. Borrelli of Strauss Borrelli PLLC.

15.     **"Counsel"** or **"Counsel for the Parties"** means both Class Counsel and Defendant's Counsel, collectively.

16.     **"Court"** shall mean the Honorable David C. Norton, or any other District Court or Magistrate Judge of the United States District Court for the District of South Carolina presiding over this Litigation.

17.     **"Credit Monitoring Services"** means 3 years of credit monitoring to Participating Settlement Class Members under the Settlement. These services include one-bureau credit monitoring; dark web monitoring; real-time inquiry alerts; and $1 million in identity theft insurance, among other features.

18.     **"Data Incident"** means the March 6, 2023, data security incident that Arcadia discovered in April 2023, which involved unauthorized third-party access to its systems and which is the subject of this Litigation.

19.     **"Defendant"** shall mean Arcadia Publishing, Inc.

20.     **"Defendant's Counsel"** shall mean Paulyne Gardner of Mullen Coughlin LLC.

21.    "**Effective Date**" shall mean the date when the Settlement Agreement becomes Final.

22.    "**Fee and Expense Application**" shall mean the motion to be filed by Class Counsel, in which she seeks approval of an award of attorneys' fees, as well as Service Awards for the Class Representatives.

23.    "**Fee Award and Expenses**" means the amount of attorneys' fees and reimbursement of litigation expenses awarded by the Court to Class Counsel, to be paid from the Settlement Fund.

24.    "**Final**" means the Final Approval Order has been entered on the docket, and (1) the time to file an appeal, writ, or other appellate proceeding from such order has expired and no appeal has been timely filed; (2) if such an appeal has been filed, five (5) business days after any appeal, writ, or other appellate proceedings opposing the Final Approval Order has been finally and conclusively dismissed with no right to pursue further remedies or relief; or (3) the Court following the resolution of the appeal enters a further order or orders approving settlement on the terms set forth herein, and either the time to further appeal from such order has expired and no further appeal is taken from such order(s) or any such appeal has been finally resolved and results in affirmation of such order(s).

25.    "**Final Approval Hearing**" means the hearing before the Court where the Plaintiffs will request a judgment to be entered by the Court approving the Settlement Agreement, approving the Fee Award and Expenses, and approving a Service Awards to the Class Representatives.

26.    "**Final Approval Order**" shall mean an order entered by the Court, in substantially the same form as the one attached hereto as **Exhibit E**, that:

i.    Certifies the Settlement Class pursuant to Federal Rule of Civil Procedure 23;

ii.    Finds that the Settlement Agreement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and approves and directs consummation of this Settlement Agreement;

iii.    Dismisses Plaintiffs' claims pending before it with prejudice and without costs, except as explicitly provided for in this Settlement Agreement;

iv.    Approves the Release provided in Section IX and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties;

v.    Includes as an exhibit a list of individuals who timely and validly opted out of the Settlement;

vi.    Reserves jurisdiction over the Settlement and this Settlement Agreement; and

vii.    Finds that there is no just reason for delay of entry of Final Approval Order with respect to the foregoing.

4

In the event that the Court issues separate orders addressing the matters constituting Final Approval, then Final Approval Order includes all such orders.

27.     "**Frequently Asked Questions**" or "**FAQs**" are questions and answers to those questions that are frequently posed by Class Members about class action settlements and specifically about this Settlement.

28.     "**Litigation**" shall mean the action captioned *Everingham et al. v. Arcadia Publishing Inc.*, Case No. 2:24-cv-0487 DCN, United States District Court for the District of South Carolina, Charleston Division.

29.     "**Long Form Notice**" is the content of the notice substantially in the form as **Exhibit B**, which will be posted on the Settlement Website and will include robust details about the Settlement.

30.     "**Lost Time**" means time spent remedying issues related to the Data Incident, including monitoring financial or other accounts, researching the Data Incident, researching credit monitoring options and/ or communicating with financial or other institutions, or taking other actions reasonably related to or in response to receipt of Notice of Data Incident.

31.     "**Net Settlement Fund**" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (1) Settlement Notice and Administrative Expenses; (2) Taxes and Tax-Related Expenses; (3) Fee Award and Costs/Expenses approved by the Court; and (4) Service Award Payments approved by the Court.

32.     "**Notice**" means the direct notice of this proposed Settlement that the Parties will ask the Court to approve in connection with the motion for preliminary approval of the Settlement, and which is to be provided substantially in the manner set forth in this Settlement Agreement and **Exhibits A and B**. The Notice Deadline in this case will be 30 days after the Preliminary Approval Order is entered by the Court.

33.     "**Notice Deadline**" means the last day by which Notice must be issued to the Settlement Class Members, and will occur 30 days after the Preliminary Approval Order is entered by the Court.

34.     "**Notice and Administrative Expenses**" means all of the expenses incurred in the administration of this Settlement, including, without limitation, all expenses or costs associated with preparing and sending the required notices to appropriate state and federal officials under the Class Action Fairness Act of 2005, providing Notice to the Settlement Class, locating Settlement Class Members, processing claims, determining the eligibility of any person to be a Settlement Class Member, and administering, calculating and distributing the Settlement Fund to Participating Settlement Class Members. Administrative Expenses also includes all reasonable third-party fees and expenses incurred by the Settlement Administrator in administering the terms of this Agreement.

35.     "**Objection Deadline**" means the date by which a written objection to this Settlement Agreement submitted by a person within the Settlement Class must filed with the Court,

which shall be designated as sixty (60) days after the Notice Deadline, or such other date as ordered by the Court.

36.    "**Opt-Out Deadline**" is the last day on which a Settlement Class Member may postmark a request to be excluded from the Settlement Class, which will be sixty (60) days after the Notice Deadline.

37.    **Participating Settlement Class Member**" means a Settlement Class Member who does not submit a valid Request for Exclusion prior to the Opt-Out Deadline.

38.    "**Parties**" shall mean Plaintiffs and Defendant, collectively.

39.    "**Plaintiffs**" or "**Class Representatives**" shall mean the named class representatives, Kate Everingham and Marissa Hagy.

40.    "**Preliminary Approval Order**" shall mean the Court's Order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice of the Settlement to the Settlement Class substantially in the form of the Notice set forth in this Settlement Agreement. Such order will include the forms and procedure for providing notice to the Settlement Class, including notice of the procedure for Settlement Class Members to object to or opt-out of the Settlement, and set a date for the Final Approval Hearing. Attached as **Exhibit D**.

41.    "***Pro Rata* Cash Payment**" means a *pro rata* cash payment to Participating Settlement Class Members after all deductions from the Settlement Fund authorized by this Settlement Agreement have been paid and Approved Claims to Participating Settlement Class Members have been made. In no event shall the *Pro Rata* Cash Payment to each Participating Settlement Class Member exceed double the amount that each Participating Settlement Class Member is determined eligible to receive by the Settlement Administrator based on their Approved Claim.

42.    "**Released Claims**" shall have the meaning ascribed to it as set forth in Section IX of this Settlement Agreement.

43.    "**Released Parties**" shall have the meaning ascribed to it as set forth in Section IX of this Settlement Agreement.

44.    "**Releasors**" shall refer, jointly and severally, and individually and collectively, to Plaintiffs, the Participating Settlement Class Members, any person claiming or receiving a benefit under this Settlement, and to each of their predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, and anyone claiming by, through, or on behalf of them.

45.    "**Remainder Funds**" means any funds that remain in the Settlement Fund after all deductions from the Settlement Fund authorized by this Settlement Agreement have been paid, Approved Claims to Participating Settlement Class Members have been made, and after *pro rata* distributions to Participating Settlement Class Members who submitted Approved Claims has been made, as discussed in Paragraph 41. The funds remaining in the Settlement Fund after completion

6

of these disbursements and after the time for cashing and/or depositing checks has expired will be Remainder Funds. The Remainder Funds will be sent to South Carolina Legal Services as a *cy pres* distribution.

46.     "**Service Award**" shall have the meaning ascribed to it as set forth in Section X of this Settlement Agreement. The Service Awards requested in this matter will be $5,000 to each Plaintiff, subject to court approval, and are to be paid from the Settlement Fund.

47.     "**Settlement Administrator**" means, subject to Court approval, Verita, an entity jointly selected and supervised by Class Counsel, Defendant and Defendant's Counsel, to administer the settlement.

48.     "**Settlement Class**" or "**Class**" means "All individuals residing in the United States who were sent a notice by Arcadia informing them of the Data Incident Arcadia discovered in April 2023 or were otherwise determined to have had personal information potentially impacted." Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest, and its current or former officers and directors; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

49.     "**Settlement Class List**" means a list of each Settlement Class Member's full name, current or last known address, which Defendant or Defendant's agent shall provide to the Settlement Administrator within seven (7) days of the entry of the Preliminary Approval Order.

50.     "**Settlement Class Member**" means an individual who falls within the definition of the Settlement Class.

51.     "**Settlement Fund**" means the non-reversionary common fund amount of four hundred and fifty thousand dollars ($450,000) to be paid by, or on behalf of, Defendant upon final approval, to resolve the claims of the Settlement Class, and to fund all relief to the Settlement Class as described herein, including the costs of notice and claims administration, Service Awards and the Fee and Expense Application of Class Counsel.  This Settlement Fund is full and complete limit and extent of Defendant's obligations with respect to the Settlement.

52.     "**Settlement Payment**" means the payment to be made via mailed check and/or electronic payment to a Participating Settlement Class Member from the Settlement Administrator from the Settlement Fund.

53.     "**Settlement Website**" means a website established and administered by the Settlement Administrator, which shall contain information about the Settlement, including electronic copies of **Exhibits A-E** (or any forms of these notices that are approved by the Court), this Settlement Agreement, and all Court documents related to the Settlement. The Settlement Website, will be publicly viewable and contain broad information about the Settlement, including but not limited to, copies of the Complaint filed in this matter, a copy of the Long Form Notice, Short Form Notice, FAQs, Claim Form that may be submitted online through the Settlement Website or mailed to the Settlement Administrator, and the deadlines for filing a claim, objection, or opt-out requests, and the date of the Fairness Hearing. The URL of the Settlement Website shall be agreed upon by

Class Counsel and Defendants. The Settlement Website is viewed as an important piece of the notice plan to Class Members. The Settlement Website shall not include any advertising and will remain active until 90 days after the Effective Date.

54.     "**Short Form Notice**" is the postcard notice that will be mailed to each Settlement Class Member.

55.     "**Taxes and Tax-Related Expenses**" means any and all applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest or penalties) arising in any jurisdiction, if any, with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon Defendant with respect to any income or gains earned by or in respect of the Settlement Fund for any period while it is held in the Settlement Fund.

56.     "**Unreimbursed Economic Losses**" means unreimbursed out-of-pocket costs or expenditures that a Settlement Class Member actually incurred that are fairly traceable to the Data Incident and supported by reasonable third-party documentation. "Unreimbursed Economic Losses" include things such as losses related to fraud and identity theft, the purchase of identity protection services, credit monitoring services, or ID theft insurance, and such expenses must be fairly traceable to the Data Incident and not already reimbursed by a third party.

## III.     <u>SETTLEMENT FUND</u>

57.     **Establishment of Settlement Fund**. Within thirty (30) days of the Effective Date, Defendant shall cause to be deposited the sum of $450,000, into an account established and administered by the Settlement Administrator at a financial institution agreed upon by the Settlement Administrator, Defendant, and Class Counsel, minus the amounts advanced for notice and claims administration cost as described in the next sentence. Within thirty (30) days of entry of the Preliminary Approval Order, Defendant will pay $56,600.00 from the total settlement amount to the Settlement Administrator to defray the actual expenses of notice and claims administration. To the extent this Settlement Agreement is not finally approved, Defendant will be entitled to the return of any amounts not already incurred by the Settlement Administrator in connection with administration of the Settlement. The Settlement Administrator shall provide wiring instructions and a properly completed and duly executed IRS Form W-9 to Defendant within five (5) days of the entry of the Preliminary Approval Order. Following Defendant's payment of all Settlement Fund monies as described in this Paragraph after final approval, Defendant shall have no responsibility, financial obligation, or liability whatsoever with respect to the selection of the Settlement Fund account, investment of Settlement Fund account funds, payment of federal, state, and local income, employment, unemployment, excise, and any other Taxes or Tax-Related Expenses imposed on the Settlement Fund account or its distributions, or payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the Settlement Fund.

58.     **Qualified Settlement Fund**. The Parties agree that the Settlement Fund, upon final approval, is intended to be maintained as a qualified settlement fund within the meaning of Treasury Regulation § 1.468 B-1, and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468 B-2(k)(3), shall be responsible for filing tax returns and any other tax

reporting for or in respect of the Settlement Fund and paying from the Settlement Fund any Taxes and Tax-Related Expenses owed with respect to the Settlement Fund. The Parties agree that the Settlement Fund shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund as a qualified settlement fund from the earliest date possible. Any and all funds held in the Settlement Fund shall be held in an interest-bearing account insured by the Federal Deposit Insurance Corporation. Funds may be placed in a non-interest bearing account as may be reasonably necessary during the check clearing process. The Settlement Administrator shall provide an accounting of any and all funds in the Settlement Fund, including any interest accrued thereon and payments made pursuant to this Agreement, upon request of any of the Parties.

59.    **Custody of Settlement Fund**. The Settlement Fund, upon final approval, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the entirety of the Settlement Fund is distributed pursuant to this Settlement Agreement or the balance returned to those who paid the Settlement Fund in the event this Settlement Agreement is terminated in accordance with Paragraphs 88-90.

60.    **Use of the Settlement Fund**. As further described in this Agreement and in Exhibit B, the Settlement Fund, upon final approval, shall be used by the Settlement Administrator to pay for the following: (1) reimbursement for Unreimbursed Economic Losses and Lost Time; (2) Alternative Cash Payments; (3) Credit Monitoring Services; (4) *Pro Rata* Cash Payments; (5) Notice and Administrative Expenses; (6) Service Award payments approved by the Court; and (7) the Fee Award and Expenses awarded by the Court. Any remainder funds shall thereafter be paid to the *cy pres*, as identified in Paragraph 45.

61.    **Taxes and Representations**. Taxes and Tax-Related Expenses relating to the Settlement Fund, if any, shall be considered Notice and Administrative Expenses and shall be timely paid by the Settlement Administrator out of the Settlement Fund without prior order of the Court. Further, the Settlement Fund shall indemnify and hold harmless the Parties and their counsel for Taxes and Tax-Related Expenses (including, without limitation, taxes payable by reason of any such indemnification payments). The Parties and their respective counsel have made no representation or warranty, and have no responsibility, with respect to the tax treatment by any Settlement Class Representatives or any Settlement Class Member of any payment or transfer made pursuant to this Agreement or derived from or made pursuant to the Settlement Fund. Each Class Representatives and Participating Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to him, her, or it of the receipt of funds from the Settlement Fund pursuant to this Agreement.

## IV.    <u>SETTLEMENT BENEFITS AND ADMINISTRATION</u>

62.    The Settlement Administrator will agree to make the following compensation from the Settlement Fund, upon final approval, available to Settlement Class Members who submit valid and timely claim forms. Claims will be subject to review for completeness and plausibility by a Settlement Administrator, and Settlement Class Members will have the opportunity to seek review by the Parties' counsel, if they dispute the Settlement Administrator's initial determination.

i. **Credit Monitoring**: All Participating Settlement Class Members are eligible to enroll in 3 years of Credit Monitoring Services, regardless of whether the Participating Settlement Class Member submits a claim for reimbursement of Unreimbursed Economic Losses or Lost Time. The Settlement Administrator shall send an activation code to each Participating Settlement Class Member who has made a valid claim for Credit Monitoring Services within fourteen (14) days of the Effective Date that can be used to activate Credit Monitoring Services. Such enrollment codes shall be sent via e-mail, unless the Participating Settlement Class Member did not provide an e-mail address, in which case such codes shall be sent via U.S. mail. Codes will be active for 180 days after the date of mailing, and may be used to activate the full term if used at any time during that 180 day period. The provider shall provide Credit Monitoring Services to all valid Participating Settlement Class Members who timely activate those services for a period of 3 years from the date of activation. Credit Monitoring Expenses, the administration of which will be overseen by Class Counsel, will be paid for from the Settlement Fund.

ii. **Compensation for Unreimbursed Economic Losses**: The Settlement Administrator, from the Settlement Fund, will provide compensation, up to a total of $5,000 per person who is a Participating Settlement Class Member, upon submission of a claim and supporting documentation, for unreimbursed ordinary and/or extraordinary economic losses incurred as a result of the Data Incident, including, without limitation, unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Incident through the date of claim submission; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

Participating Settlement Class Members with ordinary and/or extraordinary economic losses must submit documentation supporting their claims. This can include receipts or other documentation not "self-prepared" by the claimant that document the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support other submitted documentation. A legal guardian for a Settlement Class Member who is under the age of eighteen (18) at the time of claim submission may submit a Minor Claim Form seeking reimbursement of Out-of-Pocket Losses on the minor's behalf.

iii. **Compensation for Lost Time**: The Settlement Administrator, from the Settlement Fund, will provide compensation for up to 5 hours of lost time, at $25/hour ($125 cap), for time spent mitigating the effects of the Data Incident. Participating Settlement Class Members may submit claims for up to 5 hours of lost time with only an attestation demonstrating that they spent the claimed time responding to issues raised by the Data Incident. This attestation may be completed by checking a box next to the sentence: "I swear and affirm that I

spent the amount of time noted in response to the Arcadia Data Incident." Claims for lost time can be combined with claims for Unreimbursed Economic Losses but are subject to the $5,000 cap. A legal guardian for a Settlement Class Member who is under the age of eighteen (18) at the time of claim submission may submit a Minor Claim Form seeking reimbursement of Time Spent on the minor's behalf.

iv. **$100 Cash Compensation (Alternative Cash Payment)**: Participating Settlement Class Members can elect to make a claim for an estimated $100 Alternative Cash Payment in lieu of the settlement benefits outlined in Paragraph 61(i), (ii) and (iii). To receive this benefit, Participating Settlement Class Members must submit a valid claim form, but no documentation is required to make a claim. The amount of the Alternative Cash Payments will be decreased on a *pro rata* basis, depending upon the number of valid claims filed and the amount of funds available for these payments.

63. **Assessing Claims for Unreimbursed Economic Losses**. The Settlement Administrator shall verify that each person who submits a Claim Form is a Settlement Class Member. The Settlement Administrator shall have the sole discretion and authority to determine whether and to what extent documentation for unreimbursed ordinary and/or extraordinary economic losses reflect valid unreimbursed economic losses actually incurred that are fairly traceable to the Data Incident, but may consult with both Class Counsel and Defendant's Counsel in making individual determinations. In assessing what qualifies as "fairly traceable," the Parties agree to instruct the Settlement Administrator to consider (i) whether the timing of the loss occurred on or after the date of the Data Incident; and (ii) whether the personal information used to commit identity theft or fraud consisted of the same type of personal information that was stored on Defendant's systems. The Settlement Administrator is authorized to contact any Settlement Class Member (by e-mail, telephone, or U.S. mail) to seek clarification regarding a submitted claim prior to making a determination as to its validity.

64. **Assessing Claims for Lost Time**. The Settlement Administrator shall verify that each person who submits a Claim Form is a Settlement Class Member. The Settlement Administrator shall have the sole discretion and authority to determine whether the prerequisites have been met in order to award payments of Lost Time, but may consult with both Class Counsel and Defendant's Counsel in making individual determinations. The Settlement Administrator is authorized to contact any Settlement Class Member (by e-mail, telephone, or U.S. mail) to seek clarification regarding a submitted claim prior to making a determination as to its validity.

65. **Assessing Claims for Alternative Cash Payments**. The Settlement Administrator shall verify that each person who submits a Claim Form is a Settlement Class Member. A Settlement Class Member shall not be required to submit any documentation or additional information in support of their claim for an Alternative Cash Payment. However, the Claim Form must clearly indicate that the Settlement Class Member is electing to claim the Alternative Cash Payment in lieu of any other benefits made available under this Settlement Agreement and, specifically, Paragraph 61(i), (ii) and (iii) above. The Settlement Administrator is authorized to contact any Settlement Class Member (by e-mail, telephone, or U.S. mail) to seek clarification regarding a submitted claim prior to making a determination as to its validity. In the event of any

ambiguities in the Claim Form, the Settlement Administrator must contact the Settlement Class Member prior to making a determination as to its validity and, specifically, to determine whether the Settlement Class Member wishes to file a claim for an Alternative Cash Payment or, in the alternative, any other benefits made available under this Settlement Agreement.

66. **Order of Distribution of Funds**. The Settlement Administrator must use the funds available in the Net Settlement Fund (after payment of Notice and Administrative Expenses, Taxes and Tax-Related Expenses, the Fee Award and Expenses, and Service Awards) to make payments for Approved Claims in this order: Unreimbursed Economic Losses, followed by Credit Monitoring, followed by Lost Time, followed by payments for Approved Claims for Alternative Cash Payments.

67. **Disputes**. To the extent the Settlement Administrator determines a claim for Unreimbursed Economic Losses or Lost Time is deficient in whole or part, within a reasonable time of making such a determination, the Settlement Administrator shall notify the Settlement Class Member of the deficiencies and give the Settlement Class Member twenty-one (21) days to cure the deficiencies. Such notifications shall be sent via e-mail, unless the Settlement Class Member did not provide an e-mail address, in which case such notifications shall be sent via U.S. mail. If the Settlement Class Member attempts to cure the deficiencies but, at the sole discretion and authority of the Settlement Administrator, fails to do so, the Settlement Administrator shall notify the Settlement Class Member of that determination within ten (10) days, which shall be final. The Settlement Administrator may consult with Class Counsel and Defendant's Counsel in making such determinations.

68. **Contingencies**. In the event that the aggregate amount of all Settlement Payments exceeds the total amount of the Net Settlement Fund, then all valid Credit Monitoring and Unreimbursed Economic Loss Claims shall be paid in full to the extent the Net Settlement Fund is sufficient to fully pay all such claims, and then each valid Lost Time Claim and Alternative Cash Payment Claim shall be proportionately reduced on a *pro rata* basis. If the Net Settlement Fund is not sufficient to pay all valid Credit Monitoring and Unreimbursed Economic Loss Claims, then the valid Unreimbursed Economic Loss Claims shall be proportionately reduced on a *pro rata* basis. In no event shall the Settlement Fund be increased for any reason.

69. **Unclaimed Property**. No portion of the Settlement Fund shall revert or be repaid to Defendant after the Effective Date. To the extent any monies remain in the Remainder Fund more than 150 days after the distribution of Settlement payments to the Participating Settlement Class Members, or 30 days after all reissued Settlement Checks are no longer negotiable, whichever occurs later or as otherwise agreed to by the Parties, the Remainder Funds will be sent to South Carolina Legal Services as a *cy pres* distribution.

70. **Returned Checks**. For any Settlement Check returned to the Settlement Administrator as undeliverable (including, but not limited to, when the intended recipient is no longer located at the address), the Settlement Administrator shall make reasonable efforts to locate a valid address and resend the Settlement Payment within thirty (30) days after the check is returned to the Settlement Administrator as undeliverable. In attempting to locate a valid address, the Settlement Administrator is authorized to send an e-mail and/or place a telephone call to that Participating Settlement Class Member to obtain updated address information. Any replacement

Settlement Checks issued to Participating Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Participating Settlement Class Members within that time.

71.     **Uncashed Checks**. To the extent that a Settlement Check is not cashed within ninety (90) days after the date of issue, the Settlement Administrator shall undertake the following actions: (1) attempt to contact the Participating Settlement Class Member by e-mail and/or telephone to discuss how to obtain a reissued check; (2) if those efforts are unsuccessful, make reasonable efforts to locate an updated address for the Participating Settlement Class Member using advanced address searches or other reasonable methods; and (3) reissuing a check or mailing the Participating Settlement Class Member a postcard (either to an updated address if located or the original address if not) providing information regarding how to obtain a reissued check. Any reissued Settlement Checks issued to Participating Settlement Class Members shall remain valid and negotiable for sixty (60) days from the date of their issuance and may thereafter automatically be canceled if not cashed by the Participating Settlement Class Members within that time.

72.     **Settlement Administration Fees**. The Settlement Fund amount provided by Defendant, or on behalf of Defendant, will pay the entirety of the Notice and Administrative Expenses, including the cost of Notice. The Parties have solicited competitive bids for the settlement administration fees, and agree to rely upon postcard reminder notice (to the extent that a reminder notice is necessary), and to utilize email notice where practicable in order to minimize the administration costs while still providing effective notice to the Class. Settlement Administration Fees shall be paid through the Settlement Fund and are limited to the common fund amount.

73.     Provided that Final Approval of this Settlement Agreement is granted by the Court without material change, material amendment, or material modification, the Settlement Fund will be used to satisfy Approved Claims for Settlement Class Members in exchange for a full, fair, and complete release of all Released Parties from Released Claims, and dismissal of the Litigation with prejudice.

74.     The Settlement Fund represents the total extent of Defendant's monetary obligations under the Settlement Agreement. Defendant's contribution to the Settlement Fund shall be fixed under this Section and shall be final. Defendant shall have no obligation to make further payments into the Settlement Fund and shall have no financial responsibility or obligation relating to the Settlement beyond payment of monies into the Settlement Fund in the amount set forth in Paragraph 50 above.

75.     Once a Settlement Administrator is mutually agreed to by the Parties and after the settlement is preliminarily approved by the Court, the Settlement Administrator will provide notice in the manner described in this Agreement.

## I.     DUTIES OF THE SETTLEMENT ADMINISTRATOR

76.     **Duties of Settlement Administrator**. The Settlement Administrator shall perform the functions and duties necessary to effectuate the Settlement and as specified in this Agreement, including, but not limited to, the following:

a. Creating, administering, and overseeing the Settlement Fund;

b. Obtaining the Settlement Class List for the purpose of disseminating Notice to Settlement Class Members;

c. Providing Notice to Settlement Class Members via U.S. mail;

d. Establishing and maintaining the Settlement Website;

e. Establishing and maintaining a toll-free telephone line for Settlement Class Members to call and obtain pre-recorded answers to frequently asked questions, and leave a message to which the Settlement Administrator will respond within one (1) business day;

f. Responding to any mailed or emailed Settlement Class Member inquiries within one (1) business day;

g. Reviewing, determining the validity of, and processing all claims submitted by Settlement Class Members;

h. Receiving Requests for Opt-Outs from Settlement Class Members and providing Class Counsel a copy thereof no later than three (3) days following the deadline for submission of the same. If the Settlement Administrator receives any Requests for Opt-Out or other requests from Settlement Class Members after the Opt-Out and Objection Deadlines, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel;

i. After the Effective Date, processing and transmitting Settlement Payments to Settlement Class Members;

j. Providing weekly or other periodic reports to Class Counsel and Defendant's Counsel that include information regarding the number of Settlement Checks mailed and delivered, Settlement Checks cashed, undeliverable information, and any other requested information relating to Settlement Payments. The Settlement Administrator shall also, as requested by Class Counsel or Defendant's Counsel and from time to time, provide the amounts remaining in the Net Settlement Fund;

k. In advance of the Final Approval Hearing, preparing an affidavit to submit to the Court that: (i) attests to implementation of Notice in accordance with the Preliminary Approval Order; and (ii) identifies each Settlement Class Member who timely and properly submitted an Opt-Out Request; and

l. Performing any function related to Settlement administration at the agreed-upon instruction of Class Counsel or Defendant's Counsel, including, but not limited to, verifying that Settlement Payments have been distributed.

14

77.    After the Effective Date, the Settlement Administrator shall make payments to all Participating Settlement Class Members that made a valid claim, subject to the procedure set forth herein.

78.    The Parties, Class Counsel, and Defendant's Counsel shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Settlement Administrator, or any of its respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

79.    **Indemnification**. The Settlement Administrator shall indemnify and hold harmless the Parties, Class Counsel, and Defendants' Counsel for (i) any act or omission or determination of the Settlement Administrator, or any of Settlement Administrator's designees or agents, in connection with the Notice Plan and the administration of the Settlement; (ii) the management, investment or distribution of the Settlement Fund; (iii) the formulation, design or terms of the disbursement of the Settlement Fund; (iv) the determination, administration, calculation or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in the value of the Settlement Fund; or (vi) the payment or withholding of any Taxes and Tax-Related Expenses.

## V.    ADDITIONAL SECURITY MEASURES

80.    **Additional Security Measures**. Arcadia has confirmed that it has made certain changes to its information security and will attest to these changes in a confidential declaration in support of the Settlement. Within thirty (30) days after the entry of the Preliminary Approval Order, Defendant shall provide Plaintiffs' Counsel with a confidential declaration or affidavit, suitable for filing under seal with the Court, attesting that agreed upon security-related measures have been implemented on or before and up to the date of the Preliminary Approval Order and identifying the approximate cost of those security-related measures. Costs associated with these security-related measures should be paid by Defendant separate and apart from other settlement benefits and separate and apart from the Settlement Fund.

## VI.    SETTLEMENT CLASS NOTICE, OPT-OUTS, AND OBJECTIONS

81.    **Notice**. Within seven (7) days after the entry of the Preliminary Approval Order, Defendant shall provide the Settlement Class List to the Settlement Administrator. Within thirty (30) days after the Preliminary Approval Order is entered, the Settlement Administrator shall disseminate Notice to the Settlement Class Members. Notice shall be disseminated via U.S. mail to all Settlement Class Members, to the extent mailing addresses are known. To the extent that Class Counsel believes that reminder notices should be sent to Settlement Class Members, Class Counsel may direct the Settlement Administrator to send reminder notices to Settlement Class Members, which shall be sent sixty (60) days after the Notice Date and the cost of which shall be Notice and Administrative Expenses that are paid from the Settlement Fund. The process to issue

Notice as described in this Paragraph and the creation and maintenance of the Settlement Website shall constitute the "Notice Plan."

82.    **Final Approval Hearing**. The Notice must set forth the time and place of the Final Approval Hearing (subject to change) and state that any Settlement Class Member who does not file a timely and adequate objection in accordance with this Paragraph waives the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the Settlement.

83.    **Opt-Outs**. The Notice shall explain the procedure for Settlement Class Members to exclude themselves or "opt-out" of the Settlement by mailing a request for exclusion to the Settlement Administrator postmarked no later than the Opt-Out Deadline. The request for exclusion must include the name of the proceeding, the individual's full name, current address, personal signature, and the words "Request for Exclusion," a comparable statement that the individual does not wish to participate in the Settlement, or some other clear manifestation of the intent to opt-out of the Settlement in the written communication. Each request for exclusion must request exclusion only for that one individual whose personal signature appears on the request. The Notice must state that any Settlement Class Member who does not file a timely request for exclusion in accordance with this Paragraph will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement.

84.    **Objections**. The Notice shall explain the procedure for Settlement Class Members to object to the Settlement or Fee and Expense Application by submitting written objections to the Court no later than the Objection Deadline. A written objection must include (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection and a description of whether the objection applies only to the Settlement Class Member, a subset of the Settlement Class, or the entire Settlement Class; (iv) the identity of any attorneys representing the objector (if any); (v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; and (v) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

## VII.    PRELIMINARY APPROVAL, FINAL APPROVAL, AND JURISDICTION

85.    **Certification of the Settlement Class**. For purposes of this Settlement only, the Parties stipulate to the certification of the Settlement Class, which is contingent upon both the Court entering the Final Approval Order of this Settlement and the occurrence of the Effective Date.  Should: (1) the Settlement not receive final approval from the Court, or (2) the Effective Date not occur, the certification of the Settlement Class shall be void.  Defendant reserves the right to contest class certification for all other purposes. The Parties further stipulate to designate the Class Representatives as the representatives for the Settlement Class.

86.    **Preliminary Approval**. Following execution of this Agreement, Class Counsel shall file a motion for preliminary approval of the Settlement, in a form agreeable to the Parties, within thirty (30) days thereof or a date thereafter that is agreeable to the Parties and the Court or that is otherwise ordered by the Court.

87.    **Final Approval**. Class Counsel shall move the Court for a Final Approval Order of this Settlement, to be issued following the Final Approval Hearing; within a reasonable time after the Notice Deadline, Objection Deadline, and Opt-Out Deadline; and at least 90 days after the Settlement Administrator notifies the appropriate government officials of this Settlement Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

88.    **Jurisdiction**. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Plan and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

## VIII.    MODIFICATION AND TERMINATION

89.    **Modification**. The terms and provisions of this Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however, that, after entry of the Preliminary Approval Order, the Parties may, by written agreement, effect such amendments, modifications, or expansions of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Preliminary Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Agreement.

90.    **Defendant's Option**. Defendant shall have the right to, in its sole discretion, terminate the Agreement pursuant to the procedures in Paragraph 88 if more than 250 Settlement Class Members submit valid requests to opt out of the Settlement Class. In no event will Class Counsel, the Settlement Class Representative, Defendant's corporate officers, or Defendant's counsel encourage Class Members to opt-out of the Settlement Class.

91.    **Settlement Not Approved**. If: (1) the Court does not issue the Preliminary Approval Order or Final Approval Order; (2) the Effective Date does not occur; or (3) the Final Approval Order is modified or reversed in any material respect by any appellate or other court, the Parties shall have 60 days from the date of such occurrence or non-occurrence during which the Parties shall work together in good faith in considering, drafting, and submitting reasonable modifications to this Agreement to address any issues identified by the Court or that otherwise caused the Preliminary Approval Order or Final Approval Order not to issue or the Effective Date not to occur. If such efforts are unsuccessful, either Party may at their sole discretion terminate this Agreement on seven (7) days written notice to the other Party. For avoidance of any doubt, neither Party may terminate the Agreement while an appeal from an order granting approval of the Settlement is pending.

92.    **Effect of Termination**. In the event of a termination as provided in Paragraphs 88-90, this Agreement and the Settlement shall be considered null and void; all of the Parties' obligations under the Agreement shall cease to be of any force and effect and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into this Agreement or the Settlement. Further, in the event of such a termination, the certification of the Settlement Class shall be void. Defendant reserves the right to contest class certification for all purposes other than this Settlement. Any orders preliminarily or finally approving the certification of any class contemplated by the Settlement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity in support of claims or defenses or in support or in opposition to a class certification motion. In addition: (a) the fact that Defendant did not oppose certification of a class under the Settlement shall not be used or cited thereafter by any person or entity, including in a contested proceeding relating to class certification and (b) in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved.

## IX.    RELEASES

93.    Upon Final Approval of this Settlement Agreement, Releasors release, acquit, and forever discharge Defendant and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, Board of Trustees, and the present and former directors, officers, employees, agents, insurers, and agents thereof, reinsurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, and the predecessors, successors, and assigns of each of them as well as covered entities associated with the Data Incident ("Released Parties") from all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the Data Incident, and conduct that was alleged or could have been alleged in the Litigation, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of the Data Incident (the "Released Claims"), provided that nothing in this Release is intended to, does or shall be deemed to release any claims not arising out of, based upon, resulting from, or related to the Data Incident.

94.    **Unknown Claims**. The Released Claims include the release of Unknown Claims. "Unknown Claims" means claims that could have been raised in the Action and that Plaintiffs, any member of the Settlement Class or any Releasor, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that upon Final Approval of this Settlement Agreement, Releasors shall have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, the District of Columbia, or principle of common law or otherwise, which includes or is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE**

18

**RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Upon the Effective Date, each of the Releasors shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. Settlement Class Representatives, the Settlement Class, and the Releasors acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever settle and release the Released Claims, including but not limited to any Unknown Claims they may have, as that term is defined in this Paragraph.

Settlement Class Representatives and Class Counsel acknowledge, and each Participating Settlement Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of unknown claims in the Release was separately bargained for and was a material element of the Settlement Agreement.

95.    Each Releasor waives any and all defenses, rights, and benefits that may be derived from the provisions of applicable law in any jurisdiction that, absent such waiver, may limit the extent or effect of the release contained in this Settlement Agreement.

96.    **Mutual Understanding.** The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes the risk of such possible difference in facts, and agrees that this Agreement, including the releases contained herein, shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein.

97.    **Release of Class Representatives and Class Counsel**. Upon the Effective Date, Defendant and its representatives, officers, agents, directors, principals, affiliates, employees, insurers, and attorneys shall be deemed to have released, acquitted, and forever discharged the Settlement Class Representatives and Class Counsel from any and all claims or causes of action of every kind and description, including any causes of action in law, claims in equity, complaints, suits or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, punitive damages, attorneys' fees, costs, interest or expenses), whether known or unknown, that arise out of, are based upon, or relate to prosecution of the Action, the Settlement Agreement, or the Settlement claims process (provided, however, that this release and discharge shall not include claims relating to the enforcement of the terms of the Settlement or this Agreement).

98.     **Bar to Future Suits.** Upon entry of the Final Approval Order, Releasors shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against Defendant or based on any actions taken by any of the Released Parties that are authorized or required by this Agreement or by the Final Approval Order. Likewise, Defendant and its representatives, officers, agents, directors, principals, affiliates, employees, insurers, and attorneys shall be enjoined from prosecuting any claim they have released in the preceding paragraphs in any proceeding against Settlement Class Representatives and Class Counsel or based on any actions taken by Settlement Class Representatives and Class Counsel that are authorized or required by this Agreement or by the Final Approval Order. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding subject to this section.

## X.    SERVICE AWARD PAYMENTS

99.     **Service Award Payments**. At least fourteen (14) days before the Opt-Out and Objection Deadlines, Class Counsel will file a Fee and Expense Application that will include a request for Service Award payments for the Settlement Class Representatives in recognition for their contributions to this Litigation not to exceed $5,000 for each Plaintiff ($10,000 total). The Settlement Administrator shall make the Service Award payment to the Settlement Class Representatives from the Settlement Fund. Prior to the disbursement or payment of the Service Award Payment, Settlement Class Representatives shall provide to the Settlement Administrator a properly completed and duly executed IRS Form W-9.  Such Service Award payment shall be paid by the Settlement Administrator, in the amount approved by the Court, no later than seven (7) days after Arcadia Publishing makes the post-Effective Date payment pursuant to Paragraph 57.

100.    **No Effect on Agreement**. In the event the Court declines to approve, in whole or in part, the payment of Service Award in the amount requested, the remaining provisions of this Agreement shall remain in full force and effect. No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the amount of the Service Award shall constitute grounds for termination of this Agreement.

## XI.   ATTORNEYS' FEES, COSTS, EXPENSES

101.    **Attorneys' Fees and Costs and Expenses**. At least fourteen (14) days before the Opt-Out and Objection Deadlines, Class Counsel will file a Fee and Expense Application for an award of attorneys' fees to be paid from the Settlement Fund not to exceed 33.33% of the value of the Settlement, or $150,000, and litigation expenses up to $20,000. Prior to the disbursement or payment of the Fee Award and Expenses under this Agreement to the IOLTA trust account of Strauss Borrelli PLLC, Class Counsel shall provide to the Settlement Administrator a properly completed and duly executed IRS Form W-9. Fee Award and Expenses (plus any interest accrued thereon) shall be paid by the Settlement Administrator, in the amount approved by the Court, no later than seven (7) days after Arcadia Publishing makes the post-Effective Date payment pursuant to Paragraph 57.

102.    **No Effect on Agreement**.  In the event the Court declines to approve, in whole or in part, the payment of the Fee Award and Expenses in the amount requested, the remaining provisions of this Agreement shall remain in full force and effect.  No decision by the Court, or

modification or reversal or appeal of any decision by the Court, concerning the amount of the Fee Award and Expenses shall constitute grounds for termination of this Agreement.

## XII.    NO ADMISSION OF LIABILITY

103.    **No Admission of Liability**. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

104.    **No Use of Agreement**. Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (i) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by Plaintiff; or (ii) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission by Defendant in the Action or in any proceeding in any court, administrative agency or other tribunal.

## XIII.    MISCELLANEOUS

105.    **Publicity.**    The Parties agree that they shall not publicize this Settlement, Settlement Fund or Settlement Payment, the amount or sum of individual Settlement Class Representatives' or Settlement Class Members' shares or the events and negotiations surrounding this Agreement in any way except by joint pleadings or unopposed motions filed with the Court, if required. If any Party believes a statement is made in violation of this provision, the Parties shall meet-and-confer informally in an effort to resolve the dispute. If the dispute cannot be resolved informally, it shall be submitted to the Court for resolution.

106.    **Integration of Exhibits**. The exhibits to this Agreement and any exhibits thereto are a material part of the Settlement and are incorporated and made a part of the Agreement.

107.    **Entire Agreement**. This Agreement, including all exhibits hereto, shall constitute the entire Agreement among the Parties with regard to the subject matter hereof and shall supersede any previous agreements, representations, communications and understandings among the Parties. This Agreement may not be changed, modified, or amended except in writing signed by all Parties, subject to Court approval. The Parties contemplate that, subject to Court approval or without such approval where legally permissible and where such changes are non-material, the exhibits to this Agreement may be modified by subsequent agreement of counsel for the Parties prior to dissemination of the Settlement Class Notice to the Settlement Class.

108.    **Deadlines**. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, including without limitation the Notice Deadline, the applicable date or deadline shall fall on the next business day. All reference to "days" in this agreement shall refer to calendar days unless otherwise specified.

109.    **Binding Effect**. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Plaintiffs and Defendant.

110.    **Construction**. For the purpose of construing or interpreting this Agreement, the Parties agree that this Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party.

111.    **Cooperation of Parties**. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval, and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

112.    **Obligation to Meet and Confer**. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other in good faith prior to seeking Court intervention.

113.    **Governing Law**. The Agreement shall be construed in accordance with, and be governed by, the laws of the State of South Carolina, without regard to the principles thereof regarding choice of law.

114.    **Counterparts**. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all signatories do not sign the same counterparts. Original signatures are not required. Any signature submitted electronically through e-mail of an Adobe PDF shall be deemed an original.

115.    **Notices**. All notices to Class Counsel provided for herein, shall be sent by overnight mail and email to:

> Raina Borrelli
> **STRAUSS BORRELLI PLLC**
> 980 N. Michigan Avenue, Suite 1610
> Chicago, Illinois 60611
> (872) 263-1100
> (872) 263-1109 (facsimile)
> raina@straussborrelli.com

All notices to Defendant provided for herein, shall be sent by overnight mail and email to:

> Paulyne Gardner
> **MULLEN COUGHLIN LLC**
> 426 W. Lancaster Avenue, Suite 200
> Devon PA 19333
> Phone: (267) 254-9240
> pgardner@mullen.law

The notice recipients and addresses designated above may be changed by written notice.

116. **Authority**. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party or Parties on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

117. **No Government Third-Party Rights or Beneficiaries**. No government agency or official can claim any rights under this Agreement or Settlement.

118. **No Collateral Attack**. The Settlement Agreement shall not be subject to collateral attack, including by any Settlement Class Member or any recipient of notices of the Settlement after issuance of the Final Approval Order.

119. **Survival**. The Parties agree that the terms set forth in this Settlement Agreement shall survive the signing of the Settlement Agreement.

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed,

/s/
Plaintiff Kate Everingham

/s/
Plaintiff Marissa Hagy

/s/
Defendant Arcadia Publishing Inc.


Dated: August 16, 2024

/s/

Paulyne Gardner
**MULLEN COUGHLIN LLC**
426 W. Lancaster Avenue, Suite 200
Devon PA 19333
Phone: (267) 254-9240
pgardner@mullen.law

*Counsel for Defendant Arcadia Publishing Inc.*

Dated: August 16, 2024

/s/ Raina Borrelli

Glenn V. Ohanesian
Karolan Ohanesian
OHANESIAN LAW FIRM
P.O. Box 2433
Myrtle Beach, SC 29578
Phone: 843-626-7193
Fax: 843-492-5164
Email: OhanesianLawFirm@cs.com

Samuel J. Strauss
Raina Borrelli*

116.    **Authority**. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party or Parties on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

117.    **No Government Third-Party Rights or Beneficiaries**. No government agency or official can claim any rights under this Agreement or Settlement.

118.    **No Collateral Attack**. The Settlement Agreement shall not be subject to collateral attack, including by any Settlement Class Member or any recipient of notices of the Settlement after issuance of the Final Approval Order.

119.    **Survival**. The Parties agree that the terms set forth in this Settlement Agreement shall survive the signing of the Settlement Agreement.

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed,

/s/ _____
Plaintiff Kate Everingham

/s/ _____
Plaintiff Marissa Hagy

/s/ Matthew Gildea &lt;mjgildea@arcadiapublishing.com&gt;
Defendant Arcadia Publishing Inc.

Dated: August 16, 2024                    Dated: August 16, 2024

/s/ _____           /s/ _____

Paulyne Gardner                           Glenn V. Ohanesian
**MULLEN COUGHLIN LLC**                    Karolan Ohanesian
426 W. Lancaster Avenue, Suite 200        OHANESIAN LAW FIRM
Devon PA 19333                            P.O. Box 2433
Phone: (267) 254-9240                     Myrtle Beach, SC 29578
pgardner@mullen.law                       Phone: 843-626-7193
                                          Fax: 843-492-5164
*Counsel for Defendant Arcadia Publishing*  Email: OhanesianLawFirm@cs.com
*Inc.*
                                          Samuel J. Strauss
                                          Raina Borrelli*

23

**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
(872) 263-1100
(872) 263-1109 (facsimile)
sam@straussborrelli.com
raina@straussborrelli.com

*\*Pro hac vice forthcoming*

*Counsel for Plaintiffs and Proposed*
*Settlement Class Counsel*

24

## SETTLEMENT TIMELINE

| **Grant of Preliminary Approval** | |
|---|---|
| Settlement Administrator provides W-9 to Arcadia | 5 days after Preliminary Approval Order |
| Arcadia provides list of Settlement Class Members to the Settlement Administrator | 7 days after Preliminary Approval |
| Arcadia to Provide CAFA Notice Required by 28 U.S.C. § 1715(b) | Within 10 days of filing of the Preliminary Approval Motion |
| Long Form and Short Form Notices Posted on the Settlement Website | No later than 28 days after Preliminary Approval, or prior to the Settlement Website going live |
| Notice Date | 30 days after Preliminary Approval. |
| Reminder Notice | 60 days after Notice Date (if needed) |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representatives Service Awards | 14 days before Objection and Opt-Out Deadlines |
| Objection Deadline | 60 days after Notice Date |
| Opt-Out Deadline | 60 days after Notice Date |
| Claims Deadline | 90 days after Notice Date |
| Settlement Administrator Provide List of Objections/Opt-Outs to Counsel for the Parties | 70 days after Notice Date |
| Initially Approved Claims List | 35 days after Claims Deadline |
| Initially Rejected Claims List | 35 days after Claims Deadline |
| Parties' Challenge to Any Claims | 35 days from Initially Approved Claims List |
| **Final Approval Hearing** | 120 days after Preliminary Approval Order (at minimum) |
| Motion for Final Approval | 14 days before Final Approval Hearing Date |

| | |
|---|---|
| Settlement Administrator Provides Court Notice of Opt-Outs and/or Objections | 14 days before Final Approval Hearing Date |
| **Final Approval** | |
| Payment of Attorneys' Fees and Expenses Class Representatives Service Awards | 7 days after Arcadia Publishing's final payment after the Effective Date |
| Settlement Website Deactivation | 90 days after Effective Date |

— **EXHIBIT  A** —

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

LEGAL NOTICE

**If you received notice of a data security Incident discovered in April 2023, you may be entitled to benefits from a class action settlement.**

*A federal district court authorized this Notice.*

**1-XXX-XXX-XXXX**
**www.[website].com**

AREV

*Everingham et al. v. Arcadia Publishing, Inc.*
*Settlement Administrator*
P.O. Box
City, State ZIP-XXXX

First-Class
Mail

US Postage

«Barcode»

Postal Service: Please do not mark barcode

«ClassMemberID»
«First1» «Last1»
«co»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»

### CLAIM FORM

*Everingham v. Arcadia Publishing Inc.,* **Case No. 2:24-cv-00487-DCN (D.C. S.C.)**

**The DEADLINE to submit or mail this Claim Form is: Month XX, 2024**

You are eligible to claim (1) three years of Credit Monitoring Services **and** reimbursement of documented monetary losses (up to $5,000) **and** compensation for Lost Time (up to 5 hours at $25 per hour) **or** (2) an Alternative pro rata Cash Payment (estimated at $100). If you use this Claim Form, a check will be mailed to you. If you want to receive an electronic payment, submit your Claim online at www.[website].com.

**Credit Monitoring Services**: To receive Credit Monitoring Services, check the box below, provide your e-mail address, sign, and return this Claim Form.

☐   I would like to receive Credit Monitoring Services. My e-mail address is _____

**Lost Time**: To receive compensation for Lost Time, indicate the total number of hours spent remedying issues related to the data security Incident, check the box below, sign, and return this Claim Form.

☐   Total # Hours (up to 5 hours payable at $25/per hour)

☐   I swear and affirm that I spent the amount of time noted in response to the Arcadia Data Incident.

**Documented Unreimbursed Losses**: To receive compensation for Documented Unreimbursed Losses, you must submit supporting documentation. You may do so by filing a Claim Form online.

**—OR—**

**Alternative Cash Payment**: To receive an Alternative Cash Payment (increased/decreased based upon the number of claims filed), check the box below, sign, and return this Claim Form.

☐   I would like to receive an Alternative Cash Payment.


**SIGNATURE:** I swear and affirm that the foregoing is true and correct.

_____       _____
Signature                                                                     Date

A $450,000 settlement has been proposed in the class action lawsuit *Everingham et al. v. Arcadia Publishing Inc.*, Case No. 2:24-cv-0487 DCN (D. S.C.) relating to the potential unauthorized access of Personal Information to an unauthorized third-party that was discovered in April 2023, and that involved your Personal Information including Social Security numbers. Defendant Arcadia Publishing, Inc. denies all liability.

**Who is included?** Arcadia's records indicate that you are included in the settlement. More specifically, the Settlement Class includes all individuals residing in the United States who were sent a notice by Arcadia informing them of the Data Incident Arcadia discovered in April 2023 or were otherwise determined to have had personal information potentially impacted.

**What does the settlement provide?** The settlement provides Settlement Class Members with the right to claim (1) 3-years of credit monitoring services **and** reimbursement of documented monetary losses (up to $5,000) and compensation for Lost Time (up to 5 hours at $25 per hour) **or** (2) an Alternative pro rata Cash Payment (estimated at $100) in lieu of credit monitoring services, monetary losses and lost time.

**How do I get benefits?** You must complete and submit a Claim Form by **Month XX, 2024**. Claim Forms are available and may be submitted online at www.[website].com. Claim Forms may also be printed from the website or requested by calling the Settlement Administrator and submitted by mail postmarked by **Month XX, 2024**.

**What are my other options?** If you do not want to be legally bound by the settlement, you must exclude yourself by **Month XX, 2024**. Unless you exclude yourself from the settlement, you will not be able to sue Arcadia or related parties for any claim released by Settlement Agreement and Release. If you do not exclude yourself from the settlement, you may object and notify the Court that you or your lawyer intend to appear at the Court's Fairness Hearing. Objections are due **Month XX 2024**.

**The Court's Fairness Hearing.** The Court will hold a Final Fairness Hearing in this case on **Month XX, 2024, at X:X0 X.m.** at the US District Court in South Carolina, Charleston Division. At this hearing, the Court will decide whether to approve: (1) the settlement; and (2) Settlement Class Counsel's request for up to $150,000 in attorneys' fees, and reimbursement of costs up to $20,000. You may appear at the hearing, but you do not have to. You also may hire your own attorney, at your own expense, to appear or speak for you at the hearing.

This is a summary notice. For more information, visit www.XXXXXXX.com or call (8XX) XXX-XXXX.

Place
Stamp
Here

*Everingham v. Arcadia Publishing, Inc. Settlement*
*Administrator*
P.O. Box XXXXX
City, State ZIP-XXXX-XXXX

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

# — EXHIBIT  B —

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

# Notice of Arcadia Publishing Data Incident Class Action Settlement

**If you received notice of a data security incident discovered in April 2023, you may be entitled to benefits from a class action settlement.**

A federal court has authorized this Notice. This is <u>not</u> a solicitation from a lawyer.

**Please read this Notice carefully and completely, your legal rights are affected whether you act or don't act.**

**<u>THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY.</u>**

- A Settlement has been proposed in a class action lawsuit against Arcadia Publishing. Inc. ("Arcadia" or "Defendant"). The Settlement resolves claims brought by current and former employees, and others, impacted by the Arcadia Publishing Data Incident discovered in April 2023 and resulting in the potential compromise of Personal Identifying Information ("PII") (the "Data Incident").

- You may be eligible to claim 3 years of credit monitoring services, reimbursement for documented monetary losses (maximum payment of up to $5,000), and reimbursement for up to 5 hours of time spent dealing with the effects of the Data Incident, reimbursed at a rate of $25 per hour, from the proposed Settlement.

- In lieu of credit monitoring services, documented monetary losses, and reimbursement for lost time, you may also be eligible to receive a $100 cash payment, increased or decreased depending upon the number of claims filed.

- To receive credit monitoring services, reimbursement for documents losses or a cash payment, you must complete and submit a claim form.

- Please read this notice carefully. Your legal rights will be affected, and you have a choice to make now.

| Summary of Your Legal Rights and Options | | Deadline |
|---|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment or credit monitoring. | Online or Postmarked by [DATE]. |
| **EXCLUDE YOURSELF BY OPTING OUT** | Get no payment. Keep your right to file your own lawsuit against the Defendant for the same claims resolved by this Settlement. | Postmarked by [DATE]. |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | Tell the Court the reasons why you do not believe the Settlement should be approved. You can also ask to speak to the Court at the hearing on [DATE] about the fairness of the Settlement, with or without your own attorney. | Received by [DATE]. |
| **DO NOTHING** | Get no payment and be bound by the terms of the Settlement. | |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made and credit monitoring services will be available if the Court approves the Settlement after any appeals are resolved.

**Questions? Go to www.XXXXXXXXXXXXXX.com or call 1-XXX-XXX-XXXX.**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**.................................................................................................................**5**
    1.  **Why did I get this notice?**
    2.  **What is this lawsuit about?**
    3.  **What is a class action?**
    4.  **Why is there a settlement?**

**WHO IS IN THE SETTLEMENT** ....................................................................................................**7**
    5.  **Who is in the settlement?**
    6.  **Are there exceptions to being included?**
    7.  **What should I do if I'm not sure whether I am included?**

**THE SETTLEMENT BENEFITS**....................................................................................................**8**
    8.  **What does the Settlement provide?**
    9.  **What can I get from the Settlement?**
    10. **What am I giving up if I stay in the class?**

**HOW TO GET A PAYMENT – MAKING A CLAIM** ....................................................................**9**
    11. **How can I get a payment?**
    12. **When will I get my payment?**

**THE LAWYERS REPRESENTING YOU** ...................................................................................**10**
    13. **Do I have a lawyer in this case?**
    14. **Should I get my own lawyer?**
    15. **How will the lawyers be paid?**

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ...........................................................**11**
    16. **How do I get out of the Settlement?**
    17. **If I am a Settlement Class Member and don't opt out, can I sue the Defendant for the same thing later?**
    18. **What happens if I opt out?**

**COMMENTING ON OR OBJECTING TO THE SETTLEMENT** ................................................**12**
    19. **How do I tell the Court I don't like the settlement?**
    20. **What's the difference between objecting and opting out?**

**THE COURT'S FAIRNESS HEARING** .......................................................................................**13**
    21. **When and where will the Court decide whether to approve the Settlement?**
    22. **Do I have to come to the Fairness Hearing?**
    23. **May I speak at the hearing?**

**IF I DO NOTHING**........................................................................................................................**14**
    24. **What happens if I do nothing at all?**

**GETTING MORE INFORMTION** ...............................................................................................**14**
    25. **Are more details about the Settlement Available?**
    26. **How do I get more information?**

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

## BASIC INFORMATION

### 1. Why did I get this notice?

You received this notice because you have been identified as a person who previously received a notice from Arcadia that your PII may have been accessed during the Data Incident, or were otherwise determined to have had PII impacted in the Data Incident. Similarly situated individuals brought a proposed class action lawsuit against Arcadia, alleging Arcadia was negligent due to its data security practices. Arcadia denied the allegations and denied that it would be found liable. The parties have now reached a proposed settlement of the lawsuit.

A court authorized this notice because you have a right to know about your rights under the proposed class action Settlement before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after objections and appeals are resolved, a Settlement Administrator appointed by the Court will make the payments that the Settlement allows, and the pending legal claims against the Defendant will be released and dismissed.

This package explains the lawsuit, the Settlement, your rights, what benefits are available, who is eligible for them, and how to get them. The case is *Everingham et al. v. Arcadia Publishing Inc.*, Case No. 2:24-cv-00487-DCN, currently pending in the United States District Court for the District of South Carolina, Charleston Division. The Honorable David C. Norton, United States District Court Judge, is in charge of this case.

### 2. What is this lawsuit about?

The lawsuit claims (1) on March 6, 2023 an unauthorized third-party gained access to Arcadia's systems (the "Data Incident"), (2) the Data Incident impacted certain personally identifiable information ("PII") of Arcadia's current and former employees, as well as individuals with whom Arcadia had done business, (3) Arcadia did not discover this Data Incident until April 19, 2023, and (4) Arcadia began notifying individuals about the Data Incident on October 4, 2023. Arcadia denies any allegations of wrongdoing and denies that Plaintiffs would prevail or be entitled to any relief should this matter proceed to be litigated.

The following types of PII were allegedly impacted: names, Social Security numbers, addresses, driver's license/state identification numbers, and/or financial account information.

### 3. What is a class action?

In a class action one or more people called "Class Representatives" sue on behalf of themselves and other people who have similar claims. This group of people is called the "class," and the people in the class are called "Settlement Class Members" or the "Settlement Class." One court resolves the issues for all Settlement Class Members, except for people who exclude themselves from the class. The persons who sued here (Kate Everingham and Marissa Hagy) are called the Plaintiffs. The company they sued—Arcadia Publishing, Inc.—is called the Defendant.

### 4. Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or Defendant. Instead, both sides agreed to a Settlement. That way, they avoid the costs and risks of a trial, and Settlement Class Members can get benefits or compensation. The Class Representatives and Class Counsel think the Settlement is in the best interest of the Settlement Class.

## WHO IS IN THE SETTLEMENT?

### 5. Who is in the Settlement?

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

The Settlement Class is defined as: "All individuals residing in the United States who were sent a notice by Arcadia informing them of the Data Incident Arcadia discovered in April 2023 or were otherwise determined to have had personal information potentially impacted."

## 6. Are there exceptions to being included?

Yes, the following are not included in the Settlement Class: (1) the judges presiding over this Action and members of their direct families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest, and its current or former officers and directors; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

## 7. What should I do if I am not sure whether I am included?

If you are not sure whether you are included in the Settlement Class, you can ask for free help by calling the Settlement Administrator, at 1-XXX-XXX-XXXX or you can visit www.[website].com for more information.

# THE SETTLEMENT BENEFITS

## 8. What does the Settlement provide?

Under the Settlement, the Defendant will establish a non-reversionary settlement fund in the amount of four hundred and fifty thousand dollars ($450,000). These funds will be used to pay for all valid claims made by Settlement Class Members, notice and administration costs, service awards to the Class Representatives, and attorneys' fees and costs. Any remaining funds will be sent to South Carolina Legal Services as a *cy pres* distribution.

## 9. What can I get from the Settlement?

Settlement Class Members may file a claim for one or more of the following settlement benefits.

**ALTERNATIVE CASH PAYMENT**. Settlement Class Members may submit a claim to receive a *pro rata* cash payment from the net Settlement Fund.  The amount of this Cash Payment is estimated at $100, but may increase or decrease depending upon the number of claims filed and approved.

**IF YOU SELECT THIS CASH BENEFIT, YOU MAY NOT CLAIM CREDIT MONTORING SERVICES, MONETARY LOSSES, OR LOST TIME BELOW.**

**Documented Monetary Losses:**  Settlement Class Members may submit a claim for reimbursement of documented monetary losses fairly traceable to the Data Incident up to $5,000 per individual ("Monetary Losses"). Monetary Losses may include, without limitation, unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after the Data Incident through the date of claim submission; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges. **You must provide proper documentation to make a successful claim for Monetary Losses.**

**Lost Time:** Settlement Class Members with time spent remedying issues related to the Data Incident can submit a claim for reimbursement of $25 per hour with an attestation. Claims made for Lost Time are subject to a five (5) hour cap and can be combined with reimbursement for Monetary Losses subject to the $5,000 aggregate individual cap. No documentation other than an attestation shall be required for members of the Settlement Class to receive compensation for attested time spent.

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

Claims for Monetary Losses and Lost Time are subject to a *pro rata* decrease depending upon the number of claims filed and approved.

**CREDIT MONITORING SERVICES**: In lieu of an Alternative Cash Payment, but in addition to documented monetary losses and lost time, Settlement Class Members can submit a claim for credit monitoring services. These services include three (3) years of one-bureau coverage, dark web monitoring, real-time inquiry alerts, and $1,000,000 of identity theft insurance.

## 10. What am I giving up if I stay in the Class?

If you are a Settlement Class Member and you do not exclude yourself from the Settlement, you will give up your right to sue, continue to sue, or be part of any other lawsuit against Defendant or other released parties concerning the claims released by this Settlement. The Settlement Agreement describes the legal claims that you give up if you remain in the Settlement Class. The entire text of the Settlement Agreement can be viewed at www.[website].com.

## How to Get a Payment – Making A Claim

## 11. How can I get a payment?

You must complete and submit a Claim Form by **[DATE]**. Claim Forms may be submitted online at www.[website].com or printed from the website and mailed to the address on the form.

Be sure to read the Claim Form instructions carefully, include all required information, and your signature.

The Settlement Administrator will review your claim to determine the validity and amount of your payment.

This is a closed class. The benefits are available only to Settlement Class Members with a unique ID. All claims submitted by non-Settlement Class Members will be rejected.

## 12. When will I get my payment?

The Court will hold a hearing on [DATE], to decide whether to approve the Settlement. Payments and credit monitoring services will be made after the Settlement is approved and becomes final (meaning there is no appeal from the order approving the Settlement). Updates regarding the Settlement will be posted on the Settlement website, www.[website].com.

## THE LAWYERS REPRESENTING YOU

## 13. Do I have a lawyer in this case?

Raina C. Borrelli of Strauss Borrelli PLLC has been appointed to represent the Settlement Class. This lawyer is called Class Counsel. You will not be charged for her services.

## 14. Should I get my own lawyer?

If you want your own lawyer, you may hire one, but you will be responsible for any payment for that lawyer's services. For example, you can ask your own lawyer to appear in court for you if you want someone other than Class Counsel to speak for you. You may also appear for yourself without a lawyer.

## 15. How will the lawyers be paid?

The attorney representing the Class have not yet received any payment for her legal services or any reimbursement of the costs or out-of-pocket expenses she has incurred. Class Counsel plans to ask the Court to award attorney's

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

fees from the Settlement Fund, not to exceed one third of the Settlement Fund (i.e. not more than $150,000). Class Counsel also may petition the Court for her out-of-pocket costs and expenses, not to exceed $20,000.

The Settlement Class is represented by the Plaintiffs named above, who have been designated as the "Class Representatives." Class Representatives may make a claim for benefits like all other Settlement Class Members but will also each request a $5,000 award for the efforts they have expended on behalf of the Settlement Class.

The Court will determine whether to approve the amount of fees and costs and expenses requested by Class Counsel, as well as the amount of the service awards for the Class Representatives. Class Counsel will file an application for fees, expenses, and service awards no later than [DATE]. The application will be available on the Settlement Website, www.[website].com, or you can request a copy by contacting the Settlement Administrator.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 16. How do I get out of the Settlement?

If you are a Settlement Class Member and you do not want the benefits from the Settlement, and you want to keep your right, if any, to sue the Defendant or released parties on your own about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself from—or "opting out" of—the Settlement Class.

You may opt out of the Settlement by [DATE]. To opt out, you must send a letter or postcard via U.S. mail to the address below that contains the following information:

- Your full name, address, telephone number, and signature;
- The words "Requests for Exclusion" at the top of the document or a clear statement of your intent to be excluded from the Settlement Class and Settlement.

You should also include the following in your letter or postcard: the name of this Litigation, or a decipherable approximation (*Everingham et al. v. Arcadia Publishing Inc.*, Case No. 2:24-cv-00487-DCN).

You must mail your opt-out request via First-Class postage prepaid U.S. Mail, postmarked no later than [DATE] to:

*Everingham et al. v. Arcadia Publishing Inc. Settlement Administrator*
P.O. Box XXXX
XXXXXX

If you fail to include the required information, your request will be deemed invalid and you will remain a Settlement Class Members and be bound by the Settlement, including all releases.

### 17. If I am a Settlement Class Member and don't opt out, can I sue the Defendant for the same thing later?

No. You must opt out of the Settlement to keep your right to sue Defendant or other released parties for any of the claims resolved by the Settlement.

### 18. What happens if I opt out?

If you opt out of the Settlement, you will not have any rights as a member of the Settlement Class. You will not receive a payment or credit monitoring services as part of the Settlement. You will not be bound by the Settlement, releases, or by any further orders or judgments in this case. You will keep the right, if any, to sue on the claims alleged in the case at your own expense.

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

In addition, if you opt out of the Settlement you cannot object to this Settlement because the Settlement no longer affects you. If you object to the Settlement <u>and</u> request to exclude yourself, your objection will be voided and you will be deemed to have excluded yourself.

# COMMENTING ON OR OBJECTING TO THE SETTLEMENT

**19. How do I tell the Court if I don't like the Settlement?**

If you are a Settlement Class Member and you do not opt out of the Settlement, you can object to the Settlement if you do not think it is fair, reasonable, or adequate. You can give reasons why you think the Court should not approve it. You can't ask the Court to change or order a different settlement; the Court can only approve or deny this Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

You may object to any part of the proposed Settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney.

All notices of an intent to object to the Class Settlement Agreement must be written and should include all of the following:

a)    The name of this Litigation (*Everingham et al. v. Arcadia Publishing Inc.*, Case No. 2:24-cv-00487-DCN);

b)    Your full name, current mailing address, and telephone number;

c)    The specific reasons for your objection or objections;

d)    Copies of any documents supporting your objection;

e)    A statement indicating whether the objection applies only to you, a subset of the Settlement Class, or the entire Settlement Class;

f)    The name and bar number of your attorney (if you hired one to represent you in your objection);

g)    a statement indicating whether you or your attorney intend to appear at the Final Approval Hearing; and

h)    Your original signature or the signature of the attorney representing you (if any).


Completed objections must be submitted via postal mail to the Court at the following address, or by utilizing the Court's Electronic Case Filing System (CM/ECF). The objection must be filed with the Court and postmarked if mailed – no later than [**DATE**].

<div align="center">

Clerk of the Court
United States District Court
P.O. Box 835
Charleston, SC 29402

</div>

**20. What's the difference between objecting and opting out?**

Objecting is telling the Court that you don't like something about the Settlement. You can object to the Settlement only if you are a Settlement Class Member and do not opt out of the Settlement. Opting out of the Settlement is telling the Court that you don't want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because it does not affect you.

# THE COURT'S FAIRNESS HEARING

**21. When and where will the Court decide whether to approve the settlement?**

<div align="center">7</div>

The Court will hold a Final Approval Hearing (also called the Fairness Hearing) at [Date and Time], at the United States Courthouse for the District of South Carolina, Charleston Division, located at 85 Broad Street, Charleston, South Carolina 29401 before Judge David C. Norton. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and Class Counsel's application for attorney's fees, costs and expenses, and service awards. If there are objections, the Court will consider them. The Court may choose to hear from people who have asked to speak at the hearing. At or after the hearing, the Court will decide whether to approve the Settlement. There is no deadline by which the Court must make its decision.

The Court may reschedule the Fairness Hearing or change any of the deadlines described in this notice. The date of the Fairness Hearing may change without further notice to the Settlement Class Members. Be sure to check the website, www.[website].com for updates.

Class Counsel will file a motion for final approval of the Settlement by [DATE]. Objectors, if any, must file any response to Class Counsel's motion by [DATE]. Responses to any objections and any replies in support of final approval of the Settlement and/or Class Counsel's application for attorney's fees, costs and expenses, and service awards will be filed by [DATE].

## 22. Do I have to come to the Fairness Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish. If you send an objection, you do not have to come to the hearing to talk about it. As long as you mailed or filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

## 23. May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the Fairness Hearing. To do so, you should include a statement in your written objection (*see* Question 19) that you intend to appear at the hearing. Be sure to include your name, address, and signature as well. It is in the judge's discretion to let you speak at the Fairness Hearing. You cannot speak at the hearing if you opt out or exclude yourself from the Class.

# IF I DO NOTHING

## 24. What happens if I do nothing at all?

If you are a Settlement Class Member and do nothing, you will not get any money or credit monitoring services from this Settlement, and you will not be able to sue the Defendant or other released parties for the claims released by the Settlement Agreement.

# GETTING MORE INFORMATION

## 25. Are more details about the Settlement available?

This notice summarizes the proposed Settlement—more details are in the Settlement Agreement and other case documents available at www.[website].com; by reviewing the case docket and filings online at https://www.scd.uscourts.gov; or by visiting the office of the Clerk of the Court for the United States District Court for the District of South Carolina, 85 Broad Street, Charleston, South Carolina 29401 between 8:00 a.m. and 4:45 p.m., Monday through Friday, excluding Court holidays.

## 26. How do I get more information?

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

Visit the website, www.[website].com, where you will find more information, including the claim form, a copy of the Settlement Agreement, and answers to questions about the Settlement and other information to help you determine whether you are eligible for a payment.

Contact the Settlement Administrator:

*Everingham v. Arcadia Publishing Settlement Administrator*
P.O. Box XXXX
City, ST XXXX-XXXX
1-XXX-XXX-XXXX

**PLEASE DO NOT CONTACT THE COURT, THE COURT CLERK'S OFFICE, OR DEFENDANT TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

# — EXHIBIT  C —

## <u>CLAIM FORM</u>

***Everingham et al. v. Arcadia Publishing Inc.***
**Case No. 2:24-cv-00487-DCN**
**United States District Court for the District of South Carolina**

**The DEADLINE to submit or mail this Claim Form is: Month XX, 2024**

### GENERAL INSTRUCTIONS

If your Personal Information (name, Social Security number, address, driver's license/state identification number, and/or financial account information) was compromised or potentially compromised in the Arcadia Publishing Data Incident ("Data Incident"), you are a "Settlement Class Member." If you received a Notice about this class action settlement addressed to you, then the Settlement Administrator has already determined that you are a Settlement Class Member.

As a Settlement Class Member, you are eligible to claim (1) three years of Credit Monitoring Services **and** reimbursement of documented monetary losses (up to $5,000) **and** compensation for Lost Time (up to 5 hours at $25 per hour) **or** (2) an Alternative pro rata Cash Payment (estimated at $100) in lieu of monetary losses, lost time, and credit monitoring.

### CLAIMANT INFORMATION

The Settlement Administrator will use this information for all communications regarding this Claim Form and the settlement. If this information changes before the settlement benefits are issued, you must notify the Settlement Administrator.

First Name                                       M.I.    Last Name

Alternative Name(s)

Mailing Address, Line 1: Street Address/P.O. Box

Mailing Address, Line 2:

City:                                             State:      Zip Code:

Telephone Number (Home)          Telephone Number (Mobile)

Email Address (Required for Credit Monitoring Services)

Date of Birth (mm/dd/yyyy)          Class Member ID on front of mailed Class Notice (if known)

### BENEFIT SELECTION

You may select (1) Credit Monitoring Services <u>AND/OR</u> compensation for Lost Time AND/OR compensation for Unreimbursed Economic Losses <u>OR</u> (2) an Alternative Cash Payment.

**Questions? Go to www.[website].com or call 1-XXX-XXX-XXXX.**

1. **CREDIT MONITORING SERVICES**: If you wish to receive three years of Credit Monitoring Services, check the box below, provide your email address in the space provided above, sign, and return this Claim Form. Submitting this Claim Form will not automatically enroll you in Credit Monitoring Services. To enroll, you must follow the instructions that will be sent to you using the email address you provided above after the settlement is approved and becomes Final (the "Effective Date").

☐   I would like to receive Credit Monitoring Services. I have provided my email address above.

2. **COMPENSATION FOR MONETARY LOSSES:**

   **In addition to claiming Credit Monitoring Services, you may choose to claim compensation for Lost Time _and_ compensation for Unreimbursed Economic Losses.**

**Compensation for Lost Time**: If you wish to receive compensation for Lost Time, indicate the total number of hours spent remedying issues related to the data security Incident, check the box below, sign, and return this Claim Form. You may claim up to 5 hours payable at a rate of $25/per hour. Lost Time claimed shall be subject to the $5,000 cap on Monetary Losses below.

☐   Total # Hours (1-5)

☐   I swear and affirm that I spent the amount of time noted in response to the Data Incident.

**Compensation for Unreimbursed Economic Losses**: All members of the Settlement Class who submit a valid claim using this Claim Form are eligible for reimbursement of the following **documented** monetary losses fairly traceable to the Data Incident, not to exceed $5,000 per member of the Settlement Class:

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss |
|---|---|---|
| ◯ Out-of-pocket expenses incurred as a result of the Data Incident, such as notary, fax, postage, copying, mileage and long-distance phone charges. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ |
| **Examples of Supporting Third Party Documentation:** _Telephone bills and receipts for notary, fax, postage, and mileage reflecting out-of-pocket expenses. Please note that these examples of reimbursable documented out-of-pocket losses are not meant to be exhaustive, but exemplary. You may make claims for any documented out-of-pocket losses that you believe are reasonably related to the Data Incident or to mitigating the effects of the data security Incident._ | | |
| ◯ Fees for credit reports, credit monitoring, or other identity theft insurance products purchased on or after the Data Incident through the date of claim submission. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ |
| **Examples of Supporting Documentation:** _Receipts or account statements reflecting purchases made for Credit Monitoring or identity theft insurance services._ | | |
| ◯ Compensation for proven monetary loss, professional fees including | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $ ☐☐☐☐☐ . ☐☐ |

**Questions? Go to www.[website].com or call 1-XXX-XXX-XXXX.**

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss |
|---|---|---|
| attorneys' fees, accountants' fees, and fees for credit repair services, fees associated with freezing or unfreezing credit with any credit reporting agency incurred as a result of the Data Incident. | | |

**Examples of Supporting Documentation:** *Invoices or statements reflecting payments made for professional fees/services.*

○ Other documented monetary losses.   ☐ ☐ / ☐ ☐ / ☐ ☐   $ ☐ ☐ ☐ ☐ . ☐ ☐
(mm/dd/yy)

**Examples of Supporting Documentation:** *Invoices or statements reflecting payments for other monetary losses fairly traceable to the Data Incident.*

NOTE: You must include documentation supporting your Claim for Monetary Losses. This can include receipts or other documentation not "self-prepared." "Self-prepared" documents such as handwritten receipts are, by themselves, **not** sufficient to receive reimbursement, but can be considered to add clarity to or support other submitted documentation.

3. **ALTERNATIVE CASH PAYMENT**: If you wish to receive an Alternative Cash Payment (estimated at $100 but increased or decreased based upon the number of claims filed), check the box below.

☐   I would like to receive an Alternative Cash Payment.

**PAYMENT:** If you use this Paper Claim Form, a check will be mailed to the address above. If you want to receive an electronic payment, please submit your Claim online.

**SIGNATURE:** I swear and affirm that the foregoing is true and correct.

_____          _____
Signature                                                                                      Date

**Questions? Go to www.[website].com or call 1-XXX-XXX-XXXX.**

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

— **EXHIBIT  D** —

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

KATE EVERINGHAM and MARISSA
HAGY, on behalf of themselves and all
others similarly situated,

                      Plaintiffs,

v.

ARCADIA PUBLISHING INC.,

                      Defendant.

Case No. 2:24-cv-00487-DCN

**[PROPOSED] PRELIMINARY
APPROVAL ORDER**

Before the Court is Plaintiffs' Motion for Preliminary Approval of Class Action Settlement **(Doc. No. __)** (the "Motion"), the terms of which are set forth in a Settlement Agreement between Plaintiffs and Arcadia Publishing Inc., ("Defendant" or "Arcadia Publishing" and, together with Plaintiffs, the "Parties"), with accompanying exhibits attached as **Exhibit 1** to Plaintiffs' Memorandum of Law in Support of the Motion (the "Settlement Agreement").[1]

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

1.     **Class Certification for Settlement Purposes Only.** The Settlement Agreement provides for a Settlement Class defined as follows:

> All individuals residing in the United States who were sent a notice by Arcadia informing them of the Data Incident Arcadia discovered in April 2023 or were otherwise determined to have had personal information potentially impacted.

---

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

1

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest, and its current or former officers and directors; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representative are typical of and arise from the same operative facts and the Class Representatives seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

2.     **Settlement Class Representatives and Settlement Class Counsel**. The Court finds that Plaintiffs Kate Everingham and Marissa Hagy will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Settlement Class Representatives. Additionally,

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

the Court finds Raina C. Borrelli of Strauss Borrelli PLLC will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

3.    **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the Parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the equitable treatment of the Settlement Class Members under the Settlement, and all of the other factors required by Rule 23 and relevant case law.

4.    **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

5.    **Final Approval Hearing**. A Final Approval Hearing shall be held on _____, 2024, at [address/via zoom], where the Court will determine, among other things, whether: (a) the Settlement Class should be finally certified for settlement purposes; (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved; (c) this action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; (e) the application of Settlement Class Counsel for an award of Attorneys' Fees, Costs, and Expenses

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

should be approved; and (f) the application of the Settlement Class Representatives for a Service Award should be approved.

6.     **Settlement Administrator**. The Court appoints Verita as the Settlement Administrator, with responsibility for class notice and settlement administration. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7.     **Notice**. The proposed notice program set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as **Exhibits 1, 2, and 3** are hereby approved. Non-material modifications to these Exhibits may be made by the Settlement Administrator in consultation and agreement with the Parties, but without further order of the Court.

8.     **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Fed. R. Civ. P. 23(b)(3); and (e) and meet the requirements of the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable

4

by Settlement Class Members.

The Settlement Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.

9.      **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must individually sign and timely submit a written request to the designated address established by the Settlement Administrator in the manner provided in the Notice. The written request must clearly manifest a person's intent to be excluded from the Settlement Class, as set forth in the Settlement Agreement, and must be submitted individually, i.e., one request is required for every Settlement Class Member seeking exclusion. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Deadline, which is no later than sixty (60) days from the Notice Deadline, and as stated in the Notice.

If a Final Approval Order and Judgment is entered, all Persons falling within the definition of the Settlement Class who do not timely and validly request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Approval Order and Judgment. All Persons who submit valid and timely requests to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

**Objections and Appearances**. A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written objection by the Objection Deadline and as stated in the Notice. The Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement to file their objections with the Court. The Notice also shall advise Settlement Class Members of the deadline for submission of any objections—the "Objection Deadline." Any such objections to the Settlement

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

Agreement must be written and must include all of the following: i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection and a description of whether the objection applies only to the Settlement Class Member, a subset of the Settlement Class, or the entire Settlement Class; (iv) the identity of any attorneys representing the objector (if any); (v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; and (v) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

To be timely, written notice of an objection must be filed with the Clerk of Court by the Objection Deadline, which is no later than sixty (60) days from the Notice Deadline.

Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action, and shall be precluded from seeking any review of the Settlement Agreement and/or Final Approval Order and Judgment by appeal or other means. The provisions stated in the Settlement Agreement shall be the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Pennsylvania Rules of Appellate Procedure and not through a collateral attack.

10.     **Claims Process**. Settlement Class Counsel and Arcadia Publishing have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim

6

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Settlement Administrator will be responsible for effectuating the claims process.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

11.     **Termination of Settlement**. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (a) the Court does not enter this Preliminary Approval Order; (b) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; or (c) there is no Effective Date. In such event, (i) the Parties shall be restored to their respective positions in the Action prior to execution of the Settlement Agreement and shall jointly request that all scheduled Action deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

12.     **Use of Order**. This Preliminary Approval Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or propriety of certifying any class. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Action or in any other lawsuit.

13.     **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

14.     **Stay of Litigation.** All proceedings in the Action, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

15.     **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

| **Grant of Preliminary Approval** | |
|---|---|
| Settlement Administrator provides W-9 to Arcadia | 5 days after Preliminary Approval Order |

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

| | |
|---|---|
| Arcadia provides list of Settlement Class Members to the Settlement Administrator | 7 days after Preliminary Approval |
| Arcadia to Provide CAFA Notice Required by 28 U.S.C. § 1715(b) | Within 10 days of filing of the Preliminary Approval Motion |
| Long Form and Short Form Notices Posted on the Settlement Website | No later than 28 days after Preliminary Approval, or prior to the Settlement Website going live |
| Notice Date | 30 days after Preliminary Approval. |
| Reminder Notice | 60 days after Notice Date (if needed) |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representatives Service Awards | 14 days before Objection and Opt-Out Deadlines |
| Objection Deadline | 60 days after Notice Date |
| Opt-Out Deadline | 60 days after Notice Date |
| Claims Deadline | 90 days after Notice Date |
| Settlement Administrator Provide List of Objections/Opt-Outs to Counsel for the Parties | 70 days after Notice Date |
| Initially Approved Claims List | 35 days after Claims Deadline |
| Initially Rejected Claims List | 35 days after Claims Deadline |
| Parties' Challenge to Any Claims | 35 days from Initially Approved Claims List |
| **Final Approval Hearing** | 120 days after Preliminary Approval Order (at minimum) |
| Motion for Final Approval | 14 days before Final Approval Hearing Date |
| Settlement Administrator Provides Court Notice of Opt-Outs and/or Objections | 14 days before Final Approval Hearing Date |
| **Final Approval** | |
| Payment of Attorneys' Fees and Expenses Class Representatives Service Awards | 7 days after Effective Date |

9

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

| Settlement Website Deactivation | 90 days after Effective Date |
|---|---|

IT IS SO ORDERED

| | | |
|---|---|---|
| _____ | | _____ |
| Dated | | Judge |

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

— **EXHIBIT E** —

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

KATE EVERINGHAM and MARISSA
HAGY, on behalf of themselves and all
others similarly situated,

                    Plaintiffs,

v.

ARCADIA PUBLISHING INC.,

                    Defendant.

Case No. 2:24-cv-00487-DCN

**[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION FOR
FINAL APPROVAL OF CLASS
ACTION SETTLEMENT**

Before the Court is Plaintiffs' Motion for Final Approval of Class Action Settlement ("Motion for Final Approval"). The Motion seeks approval of the Settlement as fair, reasonable, and adequate. Also before the Court is Plaintiffs' Motion for Attorneys' Fees, Costs, and Expenses to Settlement Class Counsel, and Service Award Payment to Plaintiffs ("Motion for Attorneys' Fees").

Having reviewed and considered the Settlement Agreement, Motion for Final Approval, and Motion for Attorneys' Fees, and having conducted a Final Approval Hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Order.

**WHEREAS**, on _____[DATE], the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") **(Doc. No. __)** which, among other things: (a) conditionally certified this matter as a class action, including defining the class and class claims, (b) appointed Plaintiffs as the Settlement Class Representatives and appointed Settlement Class Counsel; (c) preliminarily approved the Settlement Agreement; (d) approved the form and manner of Notice to the Settlement Class; (d)

1

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

set deadlines for opt-outs and objections; (e) approved and appointed the Settlement Administrator; and (f) set the date for the Final Approval Hearing;

**WHEREAS**, on _____ [DATE], pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a Final Approval Hearing;

**WHEREAS**, on _____ [DATE], the Court held a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice;

**WHEREAS**, the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS**, the Court being required under Fed. R. Civ. P. 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the Settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Settlement Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Settlement Class

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

Counsel for attorneys' fees, costs, and expenses, and the application for Service Award Payments to the Representative Plaintiffs, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS ORDERED** that:

1.     The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2.     The Settlement involves allegations in Plaintiffs' Amended Class Action Complaint against Defendant for purported failure to implement or maintain adequate data security measures and safeguards to protect Private Information, which Plaintiffs allege directly and proximately caused injuries to Plaintiffs and Settlement Class Members.

3.     The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

4.     Unless otherwise indicated, words spelled in this Order and Judgment Granting Final Approval of Class Action Settlement ("Final Approval Order and Judgment") with initial capital letters have the same meaning as set forth in the Settlement Agreement.

5.     The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties, grants final approval of the Settlement Agreement, and for purposes of the Settlement Agreement and this Final Approval Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> All individuals residing in the United States who were sent a notice by Arcadia informing them of the Data Incident Arcadia discovered in April 2023 or were otherwise determined to have had personal information potentially impacted.

> Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) the Defendant, its subsidiaries, parent companies, successors,

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

predecessors, and any entity in which the Defendant or its parents have a controlling interest, and its current or former officers and directors; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

6.     The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved.   The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

7.     The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

    a.   Settlement Class Members to be able to submit claims that will be evaluated by the Settlement Administrator.

    b.   Defendant to pay all costs of Settlement Administration, including the cost of the Settlement Administrator, instituting Notice, processing and administering claims, and  preparing and mailing checks.

    c.   Defendant to pay, subject to the approval and award of the Court, the reasonable attorneys' fees, costs, and expenses of Class Counsel and Service Award Payments to the Class Representatives.

The Court readopts and incorporates herein by reference its preliminary conclusions as to

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

the satisfaction of Fed. R. Civ. P. 23(b)(3) set forth in the Preliminary Approval Order and notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the Settlement Class proposed in the Settlement Agreement.

8.     The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, the Final Approval Hearing, Plaintiffs' application for attorneys' fees, costs, and expenses, and the Service Award Payments to the Settlement Class Representatives have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

9.     The Court finds that the Notice, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

10.     As of the Opt-Out deadline, _____ potential Settlement Class Members have requested to be excluded from the Settlement. Their names are set forth in **Exhibit A** to this Final Approval Order and Judgment. Those persons are not bound by the Settlement Agreement and this Final Approval Order and Judgment and shall not be entitled to any of the benefits afforded to the Settlement Class Members under the Settlement Agreement, as set forth in the Settlement

5

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

Agreement. All Settlement Class Members who have not validly excluded themselves from the Settlement Class are bound by this Final Approval Order and Judgment.

11. _____ objections were filed by Settlement Class Members. The Court has considered all objections and finds the objections do not counsel against Settlement Agreement approval, and the objections are hereby overruled in all respects.

12. All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

13. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

14. The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Final Approval Order and Judgment and the terms of the Settlement Agreement.

15. Pursuant to the Settlement Agreement, Defendant, the Settlement Administrator, and Settlement Class Counsel shall implement the Settlement in the manner and timeframe as set forth therein.

16. Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

17. Pursuant to and as further described in the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims as follows:

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

Upon the Effective Date, and in consideration of the Settlement benefits described herein, each Releasing Party shall be deemed to have completely and unconditionally released, acquitted, and forever discharged Defendant and each of the Released Parties from any and all Released Claims, including Unknown Claims.

"Released Claims" means any and all claims, liabilities, rights, demands, suits, actions, causes of action, obligations, damages, penalties, costs, attorneys' fees, losses, and remedies of every kind or description—whether known or unknown (including Unknown Claims), existing or potential, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable—that relate to or arise from the Security Incident, the operative facts alleged in the Action, including the complaint and any amendment thereto, Defendant's information security policies and practices, or Defendant's maintenance or storage of Private Information, regardless of whether such claims arise under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law.

"Released Parties" means Defendant and each and every of its respective predecessors, successors, assigns, parents, subsidiaries, divisions, departments, owners, and related or affiliated entities of any nature whatsoever, whether direct or indirect, as well as any and all of Defendant's and these entities' respective predecessors, successors, officers, directors, employees, advisors, vendors, stockholders, partners, servants, agents, attorneys, representatives, insurers, reinsurers, subrogees and assigns. Each of the Released Parties may be referred to individually as a "Released Party."

18.     "Releasing Parties" means the Settlement Class Representatives and Participating Settlement Class Members, and each of their respective heirs, executors, administrators, representatives, agents, partners, predecessors, successors, attorneys, assigns, and any other person

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

purporting to assert a claim on their respective behaves.

19. "Unknown Claims" means claims that could have been raised in the Action and that Plaintiff, any member of the Settlement Class or any Releasing Party, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. Upon the Effective Date, Plaintiffs, the Settlement Class, and any Releasing Party shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE PLAINTIFFS DO NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEFENDANT.

Upon the Effective Date, each of the Releasing Parties shall be deemed to have, and shall have, waived any and all provisions, rights, and benefits conferred by any law of any state, the District of Columbia or territory of the United States, by federal law, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. Settlement Class Representatives, Participating Settlement Class Members, and the Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to finally and forever settle and release the Released Claims, including but not limited to any Unknown Claims they may have, as that term is defined in this paragraph. The Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Agreement to have acknowledged, that the foregoing waiver is a

8

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

material term of the Agreement.

20.      Neither Defendant nor its Related Parties, shall have or shall be deemed to have released, relinquished, or discharged any claim against any person other than Plaintiffs and each and all of the Settlement Class Members. In addition, none of the releases in the Settlement Agreement shall preclude any action to enforce the terms of the Settlement Agreement by Plaintiffs, Settlement Class Members, Settlement Class Counsel, and/or Defendant.

21.      The Court grants final approval to the appointment of Plaintiffs as Settlement Class Representatives. The Court concludes that the Settlement Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

22.      Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves a payment to each Settlement Class Representative in the amount of $5,000.00 ($10,000.00 total). Defendant shall make such payment in accordance with the terms of the Settlement Agreement.

23.      The Court grants final approval to the appointment of Settlement Class Counsel. The Court concludes that Settlement Class Counsel has adequately represented the Settlement Class and will continue to do so.

24.      The Court, after careful review of the fee petition filed by Settlement Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Settlement Class Counsel's application for attorneys' fees in the amount of $150,000, and litigation expenses up to $20,000. Payment shall be made pursuant to the terms of the Settlement Agreement.

25.      This Final Approval Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability for litigation the Settlement Class or any claims that have been, or could have been, asserted in the Action. This Final Approval Order and Judgment, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, nor shall they be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by Defendant, Settlement Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment (including, but not limited to, enforcing the releases contained herein). The Settlement Agreement and Final Order and Judgment shall not be construed or admissible as an admission by Defendant that Plaintiffs' claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have maximum *res judicata*, collateral estoppel, and all other preclusive effect in, all pending and future lawsuits, claims, suits, demands, petitions, causes of action, or other proceedings as to Released Claims and other prohibitions set forth in this Final Approval Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Approval Order and Judgment.

26.    If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the

10

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420

Preliminary Approval Order, and this Final Approval Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any  purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the Parties shall be restored to their respective positions in the Action, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel. Further, in such event, Defendant will pay amounts already billed or incurred for costs of notice to the Settlement Class, and Settlement Administration, and will not, at any time, seek recovery of same from any other Party to the Action or from counsel to any other Party to the Litigation.

27.     This Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

28.     Without affecting the finality of this Final Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

29.     This Order resolves all claims against all Parties in this action and is a final order.

30.     The matter is hereby dismissed with prejudice and without costs except as provided in the Settlement Agreement.

IT IS SO ORDERED

| | |
|---|---|
| _____ | _____ |
| Dated | Judge |

11

Doc ID: 3c04a7dde889142e8ef3f44ba6bdad940c15d420