UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| KATE EVERINGHAM and MARISSA HAGY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ARCADIA PUBLISHING INC.,<br><br>Defendant. | Case No. 2:24-cv-00487-DCN |

**DECLARATION OF PLAINTIFFS' COUNSEL SUPPORTING THEIR MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION**

1.  I am counsel for Plaintiffs in the above-captioned case. This declaration supports Plaintiffs' Motion for Preliminary Approval of Class Action Settlement with Defendant, Arcadia Publishing Inc., ("Arcadia Publishing" or "Defendant"), and the attachments thereto, including the Claim Form, the Short Notice, the Long Form Notice, the Proposed Preliminary Approval Order, and the Proposed Final Approval Order, attached to the Settlement Agreement and Declaration of Plaintiffs' counsel, filed herewith in support of this motion. This declaration explains the bases for the settlement, including the significant relief it affords the Settlement Class. I have personal knowledge of the facts in this declaration and could testify to them if called on to do so.

**LITIGATION BACKGROUND**

**A. The Complaint and Procedural History**

2.  Plaintiffs are current and former Arcadia employees and individuals with whom Arcadia Publishing conducted business. On January 25, 2024, Plaintiff Everingham sued Arcadia Publishing in the District of South Carolina, Charleston Division, to remediate the harm the breach

1

had caused them. *See* Doc. 1. This Complaint asserted six counts and demanded that Arcadia Publishing reimburse Plaintiff and the Class for their losses. On August 2, 2024, Plaintiff Everingham amended her complaint to add Plaintiff Marissa Hagy.

3. Prior to filing their case, Plaintiffs' counsel conducted extensive pre-suit discovery to ascertain all publicly available details about the cause, scope, and result of the data breach, as well as about the damages suffered by Plaintiffs and the Class.

4. Shortly after Plaintiffs Everingham filed the initial complaint, and recognizing the benefits of early resolution, the parties agreed to work cooperatively to schedule mediation and attempt to resolve their claim. Mediation was scheduled for June 12, 2024. In advance of that date, Plaintiffs requested, and Arcadia Publishing produced, key information to inform the settlement negotiations, including without limitation the size of the Settlement Class, facts concerning the named Plaintiffs, and other pertinent facts.

5. Plaintiffs have been impacted the same as all Settlement Class Members and have the same interests as them. Plaintiffs have assisted in the investigation of this case, reviewed and approved pleadings, stayed in contact with Settlement Class Counsel, and answered Settlement Class Counsel's many questions. Plaintiffs are informed of the risks of continued litigation and the benefits of early resolution.

**B.  Mediation**

6. On June 12, 2024, the parties participated in a full-day mediation with Judge Costa M. Pleicones (Ret.) from Haynsworth Sinkler Boyd, P.A., the former Chief Justice of the South Carolina Supreme Court, and a mediator experienced in resolving complex litigation, including class action cases. Under his guidance, the parties negotiated at "arm's length," communicating

their positions through her and evaluating the strengths and weaknesses underlying their claims and defenses.

7. While negotiations were always collegial, cordial, and professional, there is no doubt that they were adversarial in nature, with both parties forcefully advocating the position of their respective clients. From the start, the parties agreed they would not negotiate Proposed Class Counsel's attorney fees or Plaintiffs' service award until they agreed on the settlement agreement's core terms, thus avoiding conflict between Plaintiffs and the Settlement Class.

8. After a full day mediation, and with the assistance of Justice Pleicones, the parties reached agreement on the key terms of the Settlement. In the following weeks, the parties diligently negotiated and circulated drafts of the Settlement, along with accompanying notices, a Claim Form, and other exhibits, and agreed upon a Claims Administrator. The Settlement Agreement was finalized and executed on August 7, 2024. Settlement Class Counsel has successfully negotiated the Settlement of this matter to the benefit of Plaintiff and Settlement Class Members.

## **COUNSEL'S RECOMMENDATION**

9. My years of experience in representing individuals in complex class actions—including data breach actions—informed Plaintiffs' settlement position, and the needs of Plaintiffs and the proposed Settlement Class. While I believe in the merits of the claims brought in this case, I am also aware that a successful outcome is uncertain and would be achieved, if at all, only after prolonged, arduous litigation with the attendant risk of drawn-out appeals and the potential for no recovery at all. Based upon my substantial experience, it is my opinion that the proposed settlement of this matter provides significant relief to the members of the Settlement Class and warrants the Court's preliminary approval. The settlement is well within the range of other data breach settlements in the relief that it provides.

10. The Agreement's terms are designed to address the potential harms caused by the data breach, providing credit monitoring and identity theft restoration services, reimbursing economic and non-economic losses, and verifying that Defendant has improved its data security.

11. This result is particularly favorable given the risks of continued litigation. Plaintiffs face serious risks prevailing on the merits, including proving causation, as well as risk at class certification and at trial, and surviving appeal. A settlement today not only avoids the risks of continued litigation, but it also provides a benefit to the members of the Settlement Class now as opposed to after years of risky litigation.

12. The Agreement's benefits unquestionably provide a favorable result to the members of the settlement class, placing the Agreement well within the range of possible final approval and satisfying the requirements for preliminary approval under Pennsylvania law; therefore, the Court should grant preliminary approval.

13. Additionally, the Notice program contemplated by the Agreement provides the best practicable method to reach the Settlement Class members and is consistent with other class action notice programs that have been approved by various courts for similarly situated matters.

14. Thus, Plaintiffs' counsel asks the Court to grant preliminary approval of the settlement agreement and enter the proposed preliminary approval order attached to the Settlement Agreement and filed with this motion.

## COUNSEL'S QUALIFICATIONS

### A. Strauss Borrelli PLLC

15. Strauss Borrelli PLLC is a law firm in Chicago, Illinois, that focuses on complex civil and commercial litigation with an emphasis on consumer protection.

16. Raina Borrelli, the principal attorney from Strauss Borrelli assigned to this case, is a partner at Strauss Borrelli PLLC whose practice focuses on complex class action litigation, including data breach, Telephone Consumer Protection Act ("TCPA"), false advertising, and consumer protection cases in both state and federal courts around the country. Ms. Borrelli received her J.D. magna cum laude from the University of Minnesota Law School in 2011. Prior to joining Strauss Borrelli, Ms. Borrelli was a partner at Gustafson Gluek, where she successfully prosecuted complex class actions in federal and state courts. Ms. Borrelli is an active member of the Minnesota Women's Lawyers and the Federal Bar Association, where she has assisted in the representation of pro se litigants though the Pro Se Project. Ms. Borrelli has repeatedly been named to the annual Minnesota "Rising Star" Super Lawyers list (2014-2021) by SuperLawyers Magazine. She has also been repeatedly certified as a North Star Lawyer by the Minnesota State Bar Association (2012-2015; 2018-2020) for providing a minimum of 50 hours of pro bono legal services. In recent years, Ms. Borrelli has been substantially involved in a number of complex class action matters in state and federal courts including: *Hudock v. LG Electronics USA, Inc.*, 16-cv-1220 (JRT/KMM) (D. Minn.); *Baldwin v. Miracle-Ear, Inc.*, 20-cv-01502 (JRT/HB) (D. Minn.); *In re FCA Monostable Gearshifts Litig.*, 16-md-02744 (E.D. Mich.); Zeiger v. WellPet LLC, 17-cv-04056 (N.D. Cal.); *Wyoming v. Procter & Gamble*, 15-cv-2101 (D. Minn.); *In re Big Heart Pet Brands Litig.*, 18-cv-00861 (N.D. Cal.); *Sullivan v. Fluidmaster*, 14-cv-05696 (N.D. Ill.); *Rice v. Electrolux Home Prod., Inc.*, 15-cv-00371 (M.D. Pa.); *Gorczynski v. Electrolux Home Products, Inc.*, 18-cv-10661 (D.N.J.); *Reitman v. Champion Petfoods*, 18-cv-1736 (C.D. Cal.); *Reynolds, et al., v. FCA US, LLC*, 19-cv-11745 (E.D. Mich.).

17. Ms. Borrelli has significant experience in data privacy litigation and is currently litigating more than fifty data breach cases in courts around the country as lead counsel or co-

counsel on behalf of millions of data breach victims, including *In re Netgain Tech. Consumer Data Breach Litig.*, 21-cv-1210 (D. Minn.) (appointed by the court to the Plaintiffs' Interim Executive Committee); *In re C.R. England, Inc. Data Breach Litig.*, 2:22-cv-374-DAK-JCB (appointed by the court has Interim Co-Lead Counsel); *Medina et al. v. PracticeMax Inc.*, 22-cv-01261-DLR (D. Ariz.) (appointed to Executive Leadership Committee); *Forslund et al. v. R.R. Donnelley & Sons Co.*, 1:22-cv-04260 (N.D. Ill.) (appointed as interim co-lead class counsel); *In re Lincare Holdings, Inc. Data Breach Litig.*, 8:22-cv-01472 (M.D. Fla.) (appointed to Interim Executive Leadership Committee); *Corra et al. v. Acts Retirement Services, Inc.*, 2:22-cv-02917 (E.D. Pa.); *Grogan v. McGrath RentCorp., Inc.*, 22-cv-490 (N.D. Cal.); *Goetz v. Benefit Recovery Specialists, Inc.*, Case No. 2020CV000550 (Wis. Cir. Ct., Walworth Cty.) (data breach settlement on behalf of 500,000 breach victims); *Kunkelman v. Curators of the University of Missouri, d/b/a MU Health Care*, Case No. 21BA-CV00182 (Mo. Cir. Ct., Boone Cty.); *Baldwin v. Nat'l Western Life Ins. Co.*, 21-cv-04066-WJE (W.D. Mo.) (settlement on behalf of 800,000 data breach victims).

18. The Strauss Borrelli Firm Resume is attached hereto as **Exhibit A.**

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of August 2024, at Eagan, Minnesota.

By: */s/ Raina C. Borrelli*
Raina C. Borrelli
STRAUSS BORRELLI PLLC
980 Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
raina@straussborrelli.com