**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| KATE EVERINGHAM and MARISSA HAGY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ARCADIA PUBLISHING INC.,<br><br>Defendant. | Case No. 2:24-cv-00487-DCN |

**DECLARATION OF PLAINTIFFS' COUNSEL SUPPORTING MOTION FOR APPROVAL OF ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARD**

1. I am counsel for Plaintiffs in the above-captioned case. This declaration supports Plaintiffs' Motion for Approval of Attorneys' Fees, Expenses, and Service Award, and explains the bases for the Attorneys' Fees, including the extensive effort put into this case by class counsel.

2. I am a partner of Strauss Borrelli PLLC, and was appointed Settlement Class Counsel for Plaintiffs Kate Everingham and Marissa Hagy in this litigation against Arcadia Publishing Inc. I submit this declaration in support of Plaintiffs' Motion for Attorney's Fees, Costs and Expenses, and Service Award (the "Fee Motion") incurred in connection with the prosecution of the above-captioned action. Unless otherwise stated, I have personal knowledge of the following facts and could and would competently testify thereto.

**LITIGATION BACKGROUND AND COUNSEL'S WORK**

3. Plaintiffs are victims of the Arcadia Publishing data breach. On January 25, 2024, Plaintiff Everingham sued Arcadia Publishing in the District of South Carolina, Charleston

1

Division, to remediate the harm the incident had caused the Class. *See Everingham v. Arcadia Publishing Inc., Case No. 2:24cv487*. This Complaint asserted six counts and demanded that Arcadia Publishing reimburse Plaintiff and the Class for their losses.

4. On August 2, 2024, Plaintiff Everingham amended her complaint to add Plaintiff Marissa Hagy.

5. Prior to filing Plaintiffs' case, Plaintiffs' counsel conducted an extensive pre-suit investigation to ascertain all publicly available details about the cause, scope, and result of the data breach, as well as about the damages suffered by the Plaintiffs and the Class. This extensive investigation helped Class Counsel effectively analyze and develop various legal theories and causes of action, as well as evaluate the strengths and weaknesses of various claims.

6. Shortly after Plaintiff Everingham filed the initial complaint, and recognizing the benefits of early resolution, the parties agreed to work cooperatively to schedule mediation and attempt to resolve their claim. Meditation was scheduled for June 12, 2024.

7. In advance of that date, Plaintiffs requested, and Arcadia Publishing produced, key information to inform the settlement negotiations, including without limitation the size of the Settlement Class, facts concerning the named Plaintiffs, and other pertinent facts.

8. On June 12, 2024, the parties participated in a full-day mediation with Judge Costa M. Pleicones (Ret.) from Haynsworth Sinkler Boyd, P.A., the former Chief Justice of the South Carolina Supreme Court, and a mediator experienced in resolving complex litigation, including class action cases. Under his guidance, the parties negotiated at "arm's length," communicating their positions through him and evaluating the strengths and weaknesses underlying their claims and defenses.

9. While negotiations were always collegial, cordial, and professional, there is no doubt that they were adversarial in nature, with both parties forcefully advocating the position of their respective clients. From the start, the parties agreed they would not negotiate Proposed Class Counsel's attorney fees or Plaintiffs' service award until they agreed on the settlement agreement's core terms, thus avoiding conflict between Plaintiffs and the Settlement Class.

10. After a full day mediation, the parties reached agreement on the key terms of the Settlement. In the following weeks, the parties diligently negotiated and circulated drafts of the Settlement, along with accompanying notices, a Claim Form, and other exhibits, and agreed upon a Claims Administrator.

11. The Settlement Agreement was finalized and executed on August 7, 2024. Settlement Class Counsel has successfully negotiated the Settlement of this matter to the benefit of Plaintiffs and Settlement Class Members.

12. All told, Class Counsel demonstrated skill and dedication in zealously litigating the case, obtaining significant results and benefits for the class through a $450,000 non-reversionary settlement fund.

13. Class counsel has incurred $3,737.63 in expenses to-date and expect to incur an additional approximately $2,000 for costs associated with the final approval hearing.[1] Class counsel had a strong incentive to keep these costs and expenses at a reasonable level due to the high risk of no recovery when the fee is contingent.

14. These costs include filing fees, mediation costs, and postage and copying costs, as detailed below:

---

[1] Class counsel will update their final expenses in the Motion for Final Approval.

**Strauss Borrelli**

| Mediation | $2, 880.00 |
|---|---|
| PeopleMap Reports | $57.50 |
| Advertising Mailer | $30.13 |
| Notary Fee | $15.00 |
| **TOTAL** | **$2,982.63** |

**Ohanesian**

| Filing Fees | $405.00 |
|---|---|
| Pro Hac Vice | $350.00 |
| **TOTAL** | **$755.00** |

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed this 21st day of January 2025 in Eagan, Minnesota.

> */s/ Raina C. Borrelli*
> Raina C. Borrelli

4