## DISTRICT OF SOUTH CAROLINA
## (CHARLESTON DIVISION)

| | |
|---|---|
| **KATE EVERINGHAM AND MARISSA HAGY, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY,** | **CASE NO. 2:24-CV-00487-DCN** |
| **PLAINTIFFS,** | |
| **V.** | |
| **ARCADIA PUBLISHING INC.,** | |
| **DEFENDANT.** | |

Before the Court is Plaintiffs' Motion for Final Approval of Class Action Settlement ("Motion for Final Approval"). The Motion seeks approval of the Settlement as fair, reasonable, and adequate. Also before the Court is Plaintiffs' Motion for Attorneys' Fees, Costs, and Expenses to Settlement Class Counsel, and Service Award Payment to Plaintiffs ("Motion for Attorneys' Fees").

Having reviewed and considered the Settlement Agreement, Motion for Final Approval, and Motion for Attorneys' Fees, and having conducted a Final Approval Hearing, the Court makes the findings and grants the relief set forth below approving the Settlement upon the terms and conditions set forth in this Order.

**WHEREAS**, on November 7, 2024, the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") **(Doc. No. 25)** which, among other things: (a) conditionally certified this matter as a class action, including defining the class and class claims, (b) appointed Plaintiffs as the Settlement Class Representatives and appointed Settlement Class Counsel; (c) preliminarily approved the Settlement Agreement; (d) approved the form and manner of Notice to the Settlement Class; (d)

set deadlines for opt-outs and objections; (e) approved and appointed the Settlement Administrator; and (f) set the date for the Final Approval Hearing;

**WHEREAS**, on December 9, 2024, pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt-out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a Final Approval Hearing;

**WHEREAS**, on April 7, 2025, the Court held a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this action with prejudice;

**WHEREAS**, the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS**, the Court being required under Fed. R. Civ. P. 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the Settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Settlement Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Settlement Class

Counsel for attorneys' fees, costs, and expenses, and the application for Service Award Payments to the Representative Plaintiffs, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS ORDERED** that:

1.     The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2.     The Settlement involves allegations in Plaintiffs' Amended Class Action Complaint against Defendant for purported failure to implement or maintain adequate data security measures and safeguards to protect Private Information, which Plaintiffs allege directly and proximately caused injuries to Plaintiffs and Settlement Class Members.

3.     The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

4.     Unless otherwise indicated, words spelled in this Order and Judgment Granting Final Approval of Class Action Settlement ("Final Approval Order and Judgment") with initial capital letters have the same meaning as set forth in the Settlement Agreement.

5.     The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties, grants final approval of the Settlement Agreement, and for purposes of the Settlement Agreement and this Final Approval Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> All individuals residing in the United States who were sent a notice by Arcadia informing them of the Data Incident Arcadia discovered in April 2023 or were otherwise determined to have had personal information potentially impacted.

> Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) the Defendant, its subsidiaries, parent companies, successors,

predecessors, and any entity in which the Defendant or its parents have a controlling interest, and its current or former officers and directors; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

6.      The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved.   The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

7.      The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

     a.  Settlement Class Members to be able to submit claims that will be evaluated by the Settlement Administrator.

     b.  Defendant to pay, through the Settlement Fund, all costs of Settlement Administration, including the cost of the Settlement Administrator, instituting Notice, processing and administering claims,  and  preparing and mailing checks.

     c.  Defendant to pay, through the Settlement Fund, and subject to the approval and award of the Court, the reasonable attorneys' fees, costs, and expenses of Class Counsel and Service Award Payments to the Class Representatives.

The Court readopts and incorporates herein by reference its preliminary conclusions as to

the satisfaction of Fed. R. Civ. P. 23(b)(3) set forth in the Preliminary Approval Order and notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the Settlement Class proposed in the Settlement Agreement.

8.      The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, the Final Approval Hearing, Plaintiffs' application for attorneys' fees, costs, and expenses, and the Service Award Payments to the Settlement Class Representatives have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

9.      The Court finds that the Notice, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

10.      As of the Opt-Out deadline, two (2) potential Settlement Class Members have requested to be excluded from the Settlement. Their names are set forth in **Exhibit A** to this Final Approval Order and Judgment. Those persons are not bound by the Settlement Agreement and this Final Approval Order and Judgment and shall not be entitled to any of the benefits afforded to the Settlement Class Members under the Settlement Agreement, as set forth in the Settlement

Agreement. All Settlement Class Members who have not validly excluded themselves from the Settlement Class are bound by this Final Approval Order and Judgment.

11.     Zero objections were filed by Settlement Class Members.

12.     All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

13.     The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

14.     The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Final Approval Order and Judgment and the terms of the Settlement Agreement.

15.     Pursuant to the Settlement Agreement, Defendant, the Settlement Administrator, and Settlement Class Counsel shall implement the Settlement in the manner and timeframe as set forth therein.

16.     Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

17.     Pursuant to and as further described in the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims as follows:

Upon the Effective Date, and in consideration of the Settlement benefits described herein, each Releasing Party shall be deemed to have completely and unconditionally released, acquitted,

and forever discharged Defendant and each of the Released Parties from any and all Released Claims, including Unknown Claims.

"Released Claims" means any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the Data Incident, and conduct that was alleged or could have been alleged in the Litigation, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of the Data Incident.

"Released Parties" means Defendant and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, Board of Trustees, and the present and former directors, officers, employees, agents, insurers and agents thereof, reinsurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, and the predecessors, successors, and assigns of each of them as well as covered entities associated with the Data Incident.

18.     "Unknown Claims" means claims that could have been raised in the Action and that Plaintiffs, any member of the Settlement Class or any Releasor, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties or the Released Claims or might affect his, her or its decision to agree, object or not to object to the Settlement. With respect to any and all Released Claims upon Final Approval of this settlement Agreement, Releasors have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, the District of Columbia, or

principal of common law or otherwise, which includes or is similar, comparable, or equivalent to

Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE
> CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO
> EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE
> RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE
> MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE
> DEBTOR OR RELEASED PARTY.

Upon the Effective Date, each of the Releasors shall be deemed to have, and shall have,

waived any and all provisions rights and benefits conferred by any law or any state, the District of

Columbia or territory of the United States, by federal law, or principle of common law, or the law

of any jurisdiction outside of the United States, which is similar, comparable or equivalent to

Section 1542 of the California Civil Code. Settlement Class Representatives, the Settlement Class,

and the Releasors acknowledge that they may discover facts in addition to or different form those

that they now know or believe to be true with respect to the subject matter of the Release, but that

it is their intention to finally and forever settle and release the Released Claims, including but not

limited to any Unknown Claims they may have, as that term is defined in this Paragraph.

Each Participating Settlement Class Member, by operation of law, has acknowledged that

the inclusion of unknown claims in the Release was separately bargained for and was a material

element of the Settlement Agreement.

19.    Neither Defendant nor its Related Parties, shall have or shall be deemed to have

released, relinquished, or discharged any claim against any person other than Plaintiffs and each

and all of the Settlement Class Members. In addition, none of the releases in the Settlement

Agreement shall preclude any action to enforce the terms of the Settlement Agreement by

Plaintiffs, Settlement Class Members, Settlement Class Counsel, and/or Defendant.

20.    The Court grants final approval to the appointment of Plaintiffs as Settlement Class

Representatives. The Court concludes that the Settlement Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

21.     Pursuant to the Settlement Agreement, and in recognition of their efforts on behalf of the Settlement Class, the Court approves a payment to each Settlement Class Representative in the amount of $5,000.00 ($10,000.00 total). Defendant shall make such payment in accordance with the terms of the Settlement Agreement.

22.     The Court grants final approval to the appointment of Settlement Class Counsel. The Court concludes that Settlement Class Counsel has adequately represented the Settlement Class and will continue to do so.

23.     The Court, after careful review of the fee petition filed by Settlement Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Settlement Class Counsel's application for attorneys' fees in the amount of $150,000, and litigation expenses of $5,090.69. Payment shall be made pursuant to the terms of the Settlement Agreement.

24.     This Final Approval Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability for litigation the Settlement Class or any claims that have been, or could have been, asserted in the Action. This Final Approval Order and Judgment, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, nor shall they be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs,

any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by Defendant, Settlement Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment (including, but not limited to, enforcing the releases contained herein). The Settlement Agreement and Final Order and Judgment shall not be construed or admissible as an admission by Defendant that Plaintiffs' claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have maximum *res judicata*, collateral estoppel, and all other preclusive effect in, all pending and future lawsuits, claims, suits, demands, petitions, causes of action, or other proceedings as to Released Claims and other prohibitions set forth in this Final Approval Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Approval Order and Judgment.

25.    If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the Parties shall be restored to their respective positions in the Action, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other

issue). In such event, the Parties will jointly request that all scheduled deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel. Further, in such event, Defendant will be entitled to the return of any amounts not already incurred by the Settlement Administrator in connection with administration of the Settlement..

26.    This Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

27.    Without affecting the finality of this Final Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

28.    This Order resolves all claims against all Parties in this action and is a final order.

29.    The matter is hereby dismissed with prejudice and without costs except as provided in the Settlement Agreement.


        IT IS SO ORDERED

                                        _____
                                        David C. Norton
                                        United States District Judge


April 8, 2025
Charleston, South Carolina

# EXHIBIT A

1. Betsy LePlatt
2. Estate of Gary Leppart